358 So.2d 256 (1978)
STATE of Florida, DEPARTMENT OF COMMERCE, DIVISION OF LABOR, Petitioner,
v.
MATTHEWS CORPORATION, a Florida Corporation, and State of Florida, Department of Administration, Division of Administrative Hearings, Respondents.
No. EE-374.
District Court of Appeal of Florida, First District.
May 9, 1978.
*257 Dan F. Turnbull, Jr., Tallahassee, for petitioner.
Thomas M. Gonzalez and William E. Sizemore of Shackleford, Farrior, Stallings & Evans, Tampa, Pamela L. Phillips and Kenneth G. Oertel, Tallahassee, for respondents.
Frank E. Hamilton, III, of Hamilton, Douglas & Bennett, Fort Lauderdale, for amicus curiae.
ERVIN, Judge.
Once again we are asked to decide whether certain procedures, informally adopted by an agency, are rules within the contemplation of the Administrative Procedure Act. Matthews Corporation, a general contractor and a disappointed bidder on a public works project,[1] filed a petition for a *258 Section 120.56 hearing to determine whether certain wage rate guidelines were rules, and, if so, for a declaration they were invalid since they were not adopted in accord with Section 120.54, Florida Statutes (Supp. 1976).
Matthews, a competitive bidder on a construction contract of a public building, is governed by Section 215.19(1)(a), Florida Statutes (1975), requiring every contract in excess of $5,000 to which any governmental unit is a party involving the construction of a public building, shall contain a provision that the rate of wages for construction employees shall be no less than the prevailing rate of wages for similar skills in the city where the public work is located. Section 215.19(1)(b) also mandates notice be given to prospective bidders on such contracts by including a schedule of prevailing wage rates prepared by the Division of Labor in the locality where the work is contemplated. Such schedule shall be deemed the prevailing wage rates for the duration of the contract. Fla. Admin. Code Rule 8C-2.05(1), implementing Section 215.19, provides that each wage rate determination shall apply only to the construction of the particular public building.
Matthews sought to have seven wage rate determinations, specifically dealing with rates in the City of Tampa, declared invalid rules. The hearing officer found the determinations were rules, as defined by Section 120.52(14),[2] because (1) they directly implemented Section 215.19, and (2) uniformly applied to all contractors in each geographic area where the public work project was located. As a result, since they had not been adopted in compliance with Chapter 120, they were declared invalid. We disagree with the hearing examiner. The determinations are not statements of general applicability. While wage determinations must be included within the specifications of each public works contract in the state, the determination, by agency Rule 8C-2.05, Fla. Admin. Code, is applicable only to the construction of the particular public building or other work specified in the determination. The determination thus has temporal as well as geographical limitations. The determinations have no prospective application to any other contract  only the specific project involved in the particular location. Nor do they set wage standards for affected persons extending some indefinite time into the future. The wage determinations may be considered informal "orders" which can be subjected to Section 120.57 proceedings.[3] The temporal distinction between a rule and an order was explicated by Justice Holmes 70 years ago as follows:
"A judicial inquiry investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist. That is its purpose and end. Legislation, on the other hand, looks to the future and changes existing conditions by making a new rule, to be applied thereafter to all or some part of those subject to its power." Prentis v. Atlantic Coast Line Co., 211 U.S. 210, 226, 29 S.Ct. 67, 69, 53 L.Ed. 150 (1908).
The hearing examiner's reliance upon Straughn v. O'Riordan, 338 So.2d 832 (Fla. 1976) is not well founded. In O'Riordan the Supreme Court held invalid as unpublished rules certain guidelines informally established by the Department of Revenue to implement Section 212.14(4), Florida Statutes (1973), requiring sales tax registrants to post bonds. The facts in O'Riordan are easily distinguishable from those here. Section 215.19(1)(a) makes wage determinations applicable only to a specific project. The bond O'Riordan was ordered by the DOR to file, however, is required by Section 212.14(4) in "all cases where it is necessary to insure compliance with the provisions of this chapter... ." The statute did not authorize DOR to apply different guidelines each time a registrant made his application. The standards, while "so informal as to be diverse among Department personnel," Straughn v. O'Riordan, supra at 834, were not statutorily mandated to apply only to the individual applicant but were informally applied to all applicants. Compare also Dep't. of Admin. v. Harvey, 356 So.2d 323 (Fla. 1st DCA, 1977), where we held the *259 Division of Personnel's unpublished statement of "minimum training and experience requirements" for each position in career service employment were invalid rules because they were not formally adopted. The factual distinction between Harvey and Matthews is obvious. The minimum training requirements applied to each employment position. The requirements were not changed each time an applicant was accepted or rejected for a position. Unlike the determinations here, the minimum training requirements had "the direct and consistent effect of law." McDonald v. Dep't. of Banking and Fin., 346 So.2d 569, 581 (Fla. 1st DCA 1977).
Matthews, by cross-petition, argues several points; one contends the hearing officer erred in finding the Division's practice of including only a one week period in wage surveys was not a rule. Notwithstanding the provisions in Fla. Admin. Code Rule 8C-2.13 that the survey  mandated by Section 215.19(2)(a) requiring a continuing study to determine the prevailing wage rates  shall be not less than six months, the administrator of the labor and wage section testified the Division's practice was generally to conduct a survey of only one week's duration, although the practice varied in smaller counties and a survey of longer duration occasionally was made. While the examiner found a study conducted for only one week was not in compliance with Section 215.19(2)(a), nevertheless he held the agency's practice in carrying out the survey was not an agency statement of general applicability as contemplated by Section 120.52(14) and was not proscribed as an unpublished rule.
We agree with the hearing officer. While Section 120.52(14) defines rule in part as an amendment or repeal of a rule, the testimony given by the administrator of the labor and wage section, as to the agency's inconsistent policy, does not meet the primary requirement of Section 120.52(14) that such deviation be a statement of general applicability. An agency's policy, which is merely inconsistent with its published rule, but does not expressly repeal the rule, cf. Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977), is hardly a statement of general applicability to which the strictures of formal rulemaking apply. This is not to say in all cases that a policy which consistently repudiates an agency's rule to the point of informally repealing it may not be a rule. We simply hold the proof here was lacking that the policy was a statement of general applicability as to the wage surveys conducted.
The APA, nevertheless, affords a remedy to a party substantially affected by inconsistent non-rule agency policy. As we have repeatedly stated, all agency action is a recognizable rule or order or is incipiently a rule or order, State ex rel. Dept. of Gen. Serv. v. Willis, 344 So.2d 580, 584 (Fla. 1st DCA 1977); McDonald v. Dep't. of Banking and Fin., supra, 346 So.2d at 577. Adjudication, via Section 120.57, provides the appropriate method of relief to such parties. At such proceedings, to the extent agency policy is not incorporated in its regularly adopted rules, the agency may be required by a disappointed applicant to defend its policy, to present evidence and expose its reasons for discretionary action. Harvey, supra, at page 326. At the conclusion of a 120.57 hearing, a summary of the proceedings is finalized into a formal order, which must describe the agency's "policy within [its] exercise of delegated discretion" sufficiently for judicial review. Section 120.68(7). Finally, Section 120.68(12)(b) permits a reviewing court to remand the case to the agency if it finds the agency's exercise of discretion inconsistent with agency rule. Section 120.68(12)(b).
Since prevailing wage determinations for a particular project are determinations affecting the substantial interests of contractors and contracting authorities who, in bidding and other contract procedures, must adhere to the prevailing wages thus determined, those determinations are subject to the provisions of Section 120.57. To the extent those determinations depend on disputed issues of material fact, Section 120.57(1) requires formal proceedings before the agency head or before a hearing officer of the Division of Administrative Hearings. The Department of Commerce or its Division of Labor must adopt and follow rules of practice for its formal and informal procedures, and in that connection should specify when and how formal proceedings leading to a prevailing wage determination may be invoked. Sections 120.53(1)(b), 120.57(1)(b)1. To the extent that a prevailing wage determination does not depend on a disputed issue of material fact, or *260 if no substantially interested party, having notice and opportunity, timely requests formal proceedings, the Department or its Division must nevertheless afford those parties an opportunity for informal proceedings after notice and at a convenient time and place. Section 120.57(2). Agency failure to comply substantially with Chapter 120 will result in the invalidation of its order of prevailing wage determination, or other appropriate remedy. General Development Corp. v. Division of State Planning, Dep't. of Administration, 353 So.2d 1199, 1209 et seq. (Fla. 1st DCA 1978). Without rules of practice affording affected parties an early point of entry in proceedings for wage determinations, the agency runs a grave risk of jeopardizing later action by other agencies, such as their awards of public contracts, which depend for their regularity on the underlying prevailing wage determinations.
Matthews attacks also Rule 8C-2.07[4] as an invalid exercise of legislative authority, arguing that since Section 215.19(1)(a) requires the determinations be not less than the prevailing rate of wages where the public work is located, the wage rate can be no less than that paid to a majority of the workers in the area, and any determination based on a lesser number is invalid. We reject this argument. The rule was patterned essentially after 29 C.F.R. § 1.2(a) (1977), which in turn implements the Davis Bacon Act (40 U.S.C. § 276a-276a-5 as amended). Its federal counterpart was adopted more than 20 years ago. Great weight will be given to rules which have been in effect over an extended period and the meaning assigned to them by officials charged with their administration unless such construction is clearly erroneous. Miami Beach v. Miller, 122 So.2d 578 (Fla. 3d DCA 1960). Moreover rules, like statutes, which are modeled after federal law on the same subject will be given the same construction by Florida courts as their prototypes have been given by federal courts insofar as such construction is harmonious with the spirit and policy of Florida legislation. Cf. Kidd v. Jacksonville, 97 Fla. 297, 120 So. 556 (1929). We find nothing in Rule 8C-2.07 inharmonious with the spirit and policy expressed in Section 215.19.
The order is otherwise sustained. Petition for review is granted in part and denied in part.
MILLS, Acting C.J., concurs.
SMITH, J., concurs with opinion.
SMITH, Judge, concurring:
I concur in the decision and in all that Judge Ervin has written for the court except the statement that the Division's Rule 8C-2.13(1) requires that each wage survey must cover a period of "not less than six months." The rule provides:
The investigation need not include
(a) Projects completed more than six months before the date of the investigation.
(b) Projects outside the locality in which the work is to be performed (unless there has been no construction of similar character in the preceding six months' period, in which event, the report shall cover wage conditions in adjacent areas where construction of similar character is being performed or has been completed within such six months' period.) [Fla. Admin. Code R. 8C-2.13(1).]
In my opinion the rule simply relieves the Division from investigating wage conditions in local projects completed more than six months previously, and similarly requires investigation of projects in adjacent areas only when no similar construction was performed in the locality within six months. The rule does not require Division investigation *261 of all projects completed within six months when such broad survey is unnecessary to an accurate determination of prevailing wages at the time of investigation. The hearing officer's finding was not that the one-week survey violated Rule 8C-2.13, but that it did not satisfy the requirement of Section 215.19(2)(a), Florida Statutes (1977), for a "continuing study." Whether the Department complied with Section 215.19(2)(a) is an issue we need not decide. I agree with the court that a deviation from the statutory norm does not make the practice a rule.
NOTES
[1] The Department of Commerce does not now challenge Matthews' standing as a person "substantially affected" by the operation of the "rule" to seek a Section 120.56 proceeding to challenge the rule. We accept the hearing examiner's conclusion that Matthews has standing, even though it was not the low bidder and was not awarded the contract, since if it were not for the wage rate determinations prepared by the Division of Labor, Matthews would be in better competitive position to bid on public works projects. Matthews' situation is substantially different from that of an inmate who sought to have declared invalid certain disciplinary rules of the prison system, but was held not to have standing because he had not shown either injury in fact or issues of sufficient immediacy and reality necessary to confer standing. Florida Department of Offender Rehabilitation v. Jerry and the Florida Division of Administrative Hearings, 353 So.2d 1230, (Fla. 1st DCA, 1978).
[2] Which defines rule in part as:

"... Each agency statement of general applicability that implements, interprets, or prescribes law or policy... ."
[3] This avenue of relief will be discussed in greater detail infra.
[4] Rule 8C-2.07 provides:

"(1) In making each such determination, the rate of wages which the Division of Labor will regard as prevailing shall be:
(a) The rate of wages paid in the city, town, village, or other civil division of the State (hereafter referred to as the locality) in which the work is to be performed, to the majority of those employed in the corresponding classes of laborers or mechanics (hereinafter referred to as the craft) on projects that are similar to the contract work; or
(b) In the event that there is not a majority paid at the same rate, then the rate paid in the greater number, provided such greater number constitutes 30% of those so employed; or
(c) In the event that less than 30% of those so employed receive the same rate, then the average rate."