David H. Pingree Secretary Department of Health and Rehabilitative Services Tallahassee
QUESTION:
Is the definition of `other person responsible for a child's welfare' in Ch. 79-203, Laws of Florida, consistent with the definition of `a person responsible for a child's health or welfare' in 45 C.F.R. s. 1340.1-2?
SUMMARY:
The phrase `other person legally responsible for the child's welfare in a residential setting' includes all those persons who, under or according to law, undertake to assume and become responsible for a child's welfare in any residential environment. The definition found in s. 827.07(2)(e), F. S., is consistent with the comparable term found in the federal law and implementing regulations.
With the enactment of Ch. 79-203, Laws of Florida, the Legislature significantly amended s. 827.07, F. S., and act relating to the reporting and investigation of `child abuse and neglect.' Section 827.07(2)(b), as amended, defines `child abuse and neglect' as `harm or threatened harm to a child's physical or mental health or welfare by the acts or omissions of the parent or other personresponsible for the child's welfare.' (Emphasis supplied.) The phrase `other person responsible for the child's welfare' is defined by s. 827.07(2)(e):
 `Other person responsible for a child's welfare' includes the child's legal guardian, legal custodian, or foster parent; an employee of a public or private child day care center, residential home, institution, or agency; or any other person legally responsible for the child's welfare in a residential setting. (Emphasis supplied.)
Your letter of inquiry states that you have been advised by the Department of Health, Education and Welfare that the above-cited definition may not be consistent with a similar definition contained in the federal prevention of child abuse act and implementing regulations. See The Child Abuse Prevention and Treatment Act, as amended, 42 U.S.C. ss. 5101-5106 and 45 C.F.R. s. 1340 et seq. Your inquiry further states that Florida's receipt of funds under the federal law may be in jeopardy if it is found that the two provisions are in conflict. Section 3 of the federal act defines abuse and neglect as `harm or threatened harm to a child's health or welfare by a person responsible for the child's health or welfare.' The federal regulations define `persons responsible' to include the child's
 parent, guardian, or other person responsible for the child's health or welfare, whether in the same home as the child, a relative's home, a foster care home, or a residential institution. [45 C.F.R. s. 1340.1-2(b)(3).]
The regional office of the General Counsel to the Department of Health, Education and Welfare has advised the Department of Health and Rehabilitative Services that the above-cited definition should be broadly construed. This conclusion is based, in part, upon the legislative intent of Congress as reflected in the following passage from the Report of the House Education and Labor Committee, U.S. Code Congressional and Administrative News, 93 Cong., 2nd Session, 1974, p. 2767:
 the Committee specifically chose the language, `a person who is responsible for the child's welfare,' to underscore the fact that this legislation is directed at not only the legal parent or guardian but also to those who have responsibility for children of a custodial nature.
 For example, migrant labor camps were cited as an instance in which a person other than the parent or guardian would have responsibility for the child's welfare under circumstances in which the child's health or welfare might be harmed or threatened thereby.
Your inquiry, then, is whether the Florida definition of `other person responsible' is broad enough to include `those who have responsibility of a custodial nature.' The major difference between the two definitions is that the Florida definition refers to persons who are `legally responsible for a child's welfare in a residential setting' while the federal provision speaks only to `responsible' persons whether in the child's or relative's home or a residential institution. Thus, the issue becomes whether the Florida definition is applicable only to persons who are bystatute or court order responsible for the child's welfare, or whether it may also include those persons who are responsible under the federal standard.
An examination of the pertinent definition found in s. 827.07(2)(e), F. S., demonstrates that the Legislature intended to `include' all of the persons mentioned therein. The use of the word `include' in this context is important; it is well established that the term `includes' is ordinarily a term of enlargement or illustration, not limitation. See, e.g., Argosy Limited v. Hennigan, 404 F.2d 14, 20 (5th Cir. 1968); Schwab v. Ariyoshi, 564 P.2d 135, 141 (Hawaii 1977); and Fraser v. Robin Dee Day Camp, 210 A.2d 208, 211 (N.J. 1965). When a statutory definition is phrased in terms of what it `includes' rather than what the term `means,' the fact that the statute does not mention a particular entity does not imply that the entity falls outside of the definition. Highway and City Freight Drivers, Dockmen and Helpers, Local Union No. 600 v. Gordon Transports, Inc.,556 F.2d 1285, 1289 (8th Cir. 1978), cert denied, 99 S.Ct. 612 (1979). It should be noted in this regard that the definition of `other person responsible' is the only definition in the act to use the term `includes'; the remaining 10 definitions use the more restrictive term `means.'
Moreover, it is equally well established that statutes using a wide or comprehensive term or word without qualification must be given an equally comprehensive meaning. Florida Industrial Commission v. Grocers Equipment Co., 12 So.2d 889 (Fla. 1943); Seealso Florida State Racing Commission v. McLaughlin, 102 So.2d 574
(Fla. 1958). Applying this principle to the instant definition, it is evident that the use of the expansive words `any other person . . . in a residential setting' (Emphasis supplied.) reflects an intention to embrace all of the persons to which the generality of the term extends. The only qualification is that the definition is limited to those who are legally responsible for the child's welfare `in a residential setting.' See Webster's ThirdInternational Dictionary, p. 1031, defining `residential' to mean `used, serving or designed as a residence or for occupation by residents'; 77 C.J.S. Residence, p. 300, noting that the term `residence' is defined to include `the house, building or place where one dwells, a dwelling house, a dwelling place or place of habitation . . .' and 77 C.J.S. Residential, p. 308, stating that the word `residential' may be used in contradistinction to `business' or `commerce'; and Webster's, supra, defining `setting' to mean, inter alia, the `environment' or `physical surroundings.'
In addition, it is readily apparent that s. 827.07, F. S., should be given a liberal construction as a statute enacted for the public benefit. This is so even though the statute contains two incidental penal provisions (s. 827.07[18][a], relating to the knowing and willful failure by persons thus required to report known or suspected child abuse, and [18][b], relating to the willful and knowing publication or disclosure of confidential information). As stated by the Supreme Court in Board of Public Instruction of Broward County v. Doran, 224 So.2d 693, 699 (Fla. 1969):
 Statutes enacted for the public benefit should be interpreted most favorably to the public. The fact that the statute contains a penal provision does not make the entire statute penal so that it must be strictly construed. For instance, the Workmen's Compensation Act makes it a misdemeanor for an employer not to secure payment of compensation. Fla. Stat., s. 440.43 (F.S.A.). This court has nevertheless held that the Compensation Act is to be liberally construed. Florida Game and Fresh Water Fish Commission v. Driggers, 65 So.2d 723
(Fla. 1953).
Moreover, an examination of Ch. 79-203, Laws of Florida, discloses that it was apparently modeled after the federal statutes and regulations on this subject and should be construed to be in compliance with their terms. Under such circumstances, it is well established in Florida that the state statute should be given the same construction as its federal prototype, insofar as such construction is harmonious with the spirit and policy of the Florida legislation. See State Department of Commerce v. Mathews Corporation, 358 So.2d 256 (1 D.C.A. Fla., 1978), and Kidd v. Jacksonville, 120 So. 556 (Fla. 1929).
In light of the foregoing, therefore, I am of the view that the phrase `legally responsible . . . in a residential setting' as used in s. 827.07, F. S., is not in conflict with the comparable term employed by the federal regulation. Although my research discloses no Florida decision which has considered the meaning of the term `legally responsible,' one court has defined `legal responsibility' as `the state of one who is bound or obliged in law and justice to do something.' Behne v. New Jersey Highway Authority, 97 A.2d 647, 654 (N.J. 1953). Stated another way, one who is `legally responsible' for another is liable for his acts or omissions toward that person. This state of `legal responsibility' does not require a statutory mandate or court order, but only the undertaking of a duty to exercise care in relation to another. Thus, for example, in Barbarisi v. Caruso, 135 A.2d 539 (1957), the court ruled that a grandmother who volunteered to care for a child while his mother was absent was liable for injuries sustained by the child due to the grandmother's negligence. Also to the same effect, see Vest v. Kramer, 111 N.E.2d 696 (Ohio App. 1951), aff'd 107 N.E.2d 105 (1952), and see also 23 Fla. Jur.Negligence s. 13, stating:
 A valuable consideration is not a prerequisite to the existence of a duty to exercise care. The law imposes an obligation on everyone who attempts to do anything, even gratuitously, for another to exercise some degree of care and skill in the performance of what he has undertaken.
Accordingly, I am of the view that the phrase `other person legally responsible for the child's welfare in a residential setting' includes all those persons who, under or according to law, undertake to assume and become responsible for a child's welfare in any residential environment. Therefore, it is my opinion that the definition found in s. 827.07(2)(e), F. S., is consistent with the comparable term found in the federal law and implementing regulations.
Prepared by:
Patricia R. Gleason Assistant Attorney General