356 So.2d 323 (1977)
STATE of Florida, DEPARTMENT OF ADMINISTRATION, DIVISION OF PERSONNEL, Petitioner,
v.
Patricia B. HARVEY and State of Florida, Department of Administration, Division of Administrative Hearings, Respondents.
DEPARTMENT OF ADMINISTRATION, DIVISION OF PERSONNEL, Petitioner,
v.
Patricia B. HARVEY and State of Florida, Department of Administration, Division of Administrative Hearings, Respondents.
Nos. EE-131, FF-168.
District Court of Appeal of Florida, First District.
December 27, 1977.
Rehearing Denied April 12, 1978.
*324 David V. Kerns, Gen. Counsel, and Mary E. Clark, Asst. Gen. Counsel, Tallahassee, for petitioner.
Patricia B. Harvey, for respondents.
SMITH, Judge.
Respondent Harvey applied to the Division of Personnel to be included in the Division's register of persons eligible for career service employment as Administrative Assistant I and Information Specialist II. Her applications were denied because the Division found she did not meet the Division's statement of "minimum training and experience requirements" for those positions. Harvey petitioned the Division of Administrative Hearings (DOAH), pursuant to Section 120.56, Florida Statutes (1975), for a determination that the Division's "minimum training and experience requirements" *325 are invalid because, having the effect of rules as defined in Section 120.52(14), they have not been adopted in rulemaking proceedings under Section 120.54. Harvey later filed a similar petition to invalidate 28 other "minimum training and experience requirements" on the same ground. After a hearing, the DOAH hearing officer held: (1) a hearing officer has jurisdiction under Section 120.56 to determine whether the agency statements are rules; (2) Harvey is a "substantially affected person" and has standing to challenge agency policy for which rulemaking is required; and (3) the "minimum training and experience requirements" have the effect of rules and are invalid because they were not adopted pursuant to Section 120.54. The Division seeks judicial review. Section 120.68.
We disposed of the first issue in State, Dep't of Admin. v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977), holding that a DOAH hearing officer is authorized to determine, in a Section 120.56 rule challenge proceeding, whether an agency statement is a rule. See also Dep't of Environmental Regulation v. Leon County, 344 So.2d 297 (Fla. 1st DCA 1977).
The effect of the Division's action is that Harvey is not eligible for employment by State agencies in any of the 30 job classifications in which she expressed interest. Fla. Admin. Code Rule 22A-7.02(9). The hearing officer held, and we agree, that the denial of avenues of employment substantially affected Harvey, who therefore has standing to institute rule challenge proceedings.
Section 120.52(14), Florida Statutes (Supp. 1976) defines "rule," with certain exceptions not pertinent here, as
each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule. The term also includes the amendment or repeal of a rule.
The Division contends that the "minimum training and experience requirements" do not assume the dignity of rules and need not be adopted as rules. Section 110.022, Florida Statutes (1975) provides:
(1) [The Division shall] adopt and amend rules and regulations necessary to implement the purposes of Chapter 110, which rules and regulations shall provide for:
.....
(f) the establishment and maintenance of minimum qualifications for each class of positions... .
Thus, asserts the Division, the legislature provided for a three-tiered body of authority for maintenance of the career service employment register: a statute granting authority to adopt rules and prescribing standards for those rules; rules providing for the establishment and maintenance of minimum qualifications; and nonrule qualification statements.
Whether an agency statement is a rule turns on the effect of the statement, not on the agency's characterization of the statement by some appellation other than "rule." The breadth of the definition in Section 120.52(14) indicates that the legislature intended the term to cover a great variety of agency statements regardless of how the agency designates them. Any agency statement is a rule if it "purports in and of itself to create certain rights and adversely affect others," Stevens, 344 So.2d at 296, or serves "by [its] own effect to create rights, or to require compliance, or otherwise to have the direct and consistent effect of law." McDonald v. Dep't of Banking & Fin., 346 So.2d 569, 581 (Fla. 1st DCA 1977). See also Straughn v. O'Riordan, 338 So.2d 832 (Fla. 1976); Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla. 1st DCA 1977).
The Division's Rule 22A-4.03(4), Fla. Admin. Code, provides that the State Personnel Director may reject an application for employment if the applicant does not meet the minimum training and experience *326 requirements for a class of position, or for other reasons including physical or mental inability to perform required duties, use of narcotics, or alcoholism. Here, Division staff examined Harvey's application and resume and determined that her education, training and experience do not satisfy the Division's statement of "minimum training and experience requirements" for any class of positions for which she applied. Thus the Division used its statement of minimum requirements as a rule of decision.
Harvey could have requested, pursuant to Rules 22L-7.01-.03, that the State Personnel Director determine that her training and experience are equivalent to the "minimum requirements" and register her notwithstanding her failure to satisfy prescribed requirements. We do not consider that the Director's discretion mitigates the decisive effect, as rules, of the minimum training and experience requirements. To warrant the exercise of his discretion, the Director must find as a fact that the applicant's training and experience are "equal to or higher than those required in the class specification." Fla. Admin. Code R. 22L-7.03. Thus the prescribed minimum requirements contained in the "class specifications" remain the yardstick by which the applicant's qualifications must be measured.
Harvey could also have appealed the Division's denial of her application to the Career Service Commission. Fla. Admin. Code Rule 22A-4.03(6). Failure to pursue that remedy does not make the Section 120.56, Florida Statutes (Supp. 1976) rule challenge proceeding inappropriate. Rule challenge proceedings are available to a substantially affected person who desires to challenge rules on which an agency's decision is based, regardless of whether he also challenges the factual basis of the agency decision.[1] By the same token, a determination in this proceeding that the Division's minimum training and experience requirements are invalid rules does not require the Division to place Harvey on the employment register. The Division still must decide whether Harvey is qualified for employment in particular positions, but may not use the prescribed minimum training and experience requirements as a rule of decision.[2] Since that decision will determine Harvey's substantial interests, the Division's proceedings must comply with the requirements of Section 120.57. McDonald, supra; General Development Corp. v. Division of State Planning, 353 So.2d 1199 (Fla. 1st DCA, 1977).
The Division has urged that requiring adoption of the minimum training and experience requirements as rules would place an intolerable burden on the Department. The Division now maintains approximately 2900 requirements for state job classifications and it must add, delete or amend several hundred each year. Even if we could agree that the "minimum requirements" are statements of Division policy not having the effect of rules, we suspect that the Division's administrative burden would be substantially greater if it does not adopt minimum requirements as rules. To the extent Division policy is not incorporated in regularly adopted rules, the Division may be required by any disappointed applicant to defend its policy in a Section 120.57 proceeding where the Division will be required to present evidence and argument and to "expose and elucidate its reasons for discretionary action." McDonald, supra, 346 So.2d at 584. If the Division's policy is regularly adopted as a rule within the agency's *327 authority, the agency need not defend its policy in each case. Id. at 583-84; Hill v. School Board of Leon County, 351 So.2d 732 (Fla. 1st DCA 1977).
The petitions for review are DENIED.
RAWLS, J., concurs.
McCORD, C.J., dissents.
McCORD, Chief Judge, dissenting.
§ 120.52, Florida Statutes (1975)  the Definitions section of the Administrative Procedure Act  defines "rule" as used in that act as follows:
"(14) `Rule means each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes the amendment or repeal of a rule ..." (Certain exceptions are listed which are not pertinent here.)
It may be readily seen that this is an extremely broad definition, which if applied literally, would appear to encompass the job class specifications with which we are here concerned. There are other factors, however, which should be considered and which show a legislative intent that the foregoing definition was not meant to include job class specifications. We must consider the rule definition of Chapter 120 in pari materia with Chapter 110, Florida Statutes (1975), relating to the State Career Service System. § 110.022 empowers the Department of Administration, Division of Personnel:
"(1) To adopt and amend rules and regulations necessary to implement the purposes of chapter 110, which rules and regulations shall provide for:
* * * * * *
(f) the establishment and maintenance of minimum qualifications for each class of positions, ..."
Career Service Rules have been adopted to accomplish what is mandated by the above statute. They are contained in Chapter 22A-1, Florida Administrative Code. The rules contained in that chapter outline the procedure for developing and maintaining the classification plan and provide a description of what the class specification must include. Thus, the Career Service Rules, in compliance with the foregoing statute, provide for the establishment and maintenance of minimum qualification for each class of positions. The rules themselves are implemented by class specifications which are published by the Division of Personnel in a continuing process to meet the needs of the state's employing agencies. The State Career Service work force consists of approximately 87,000 positions which have been placed in approximately 2,900 job classifications with a class specification developed for each class. These class specifications are maintained as accurately and currently as possible to reflect the functions of the positions in each classification and the minimum qualifications required for proper performance. The end purpose in this operation is to enable the agencies to receive applicants with the qualifications they want and to enable applicants to know whether they have the qualifications desired by the employing agencies. During the fiscal year 1975-76, 347 new classes were established with the class specification prepared for each. During the same period, 106 classes were abolished, giving a net gain of 241 total classes under the Career Service System. During the same year, the specifications for 455 classes were revised in the continuing effort to maintain the currency and accuracy of the system. It would be a mammoth and cumbersome undertaking to go through rule adoption procedures for the approximately 2,900 present job classifications and to go through these procedures with each new job classification that is established and each classification that is revised. I do not believe the legislature intended that job class specifications be treated as individual rules to be adopted with the formality of the statutory rule-making procedures.
When we consider the definition of a "rule" as contained in the Definitions section of the Administrative Procedure Act [§ 120.52(14)], quoted supra, in pari materia with the definition of "classification plan" *328 as contained in the Definitions section of the State Career Service System Act [§ 110.042(10)], it seems apparent that the legislature did not intend for job class specifications to be so structured in their promulgation and revision as would be the result if they are classified as "rules." "Classification plan" was defined to mean:
"A document which formally describes the concepts, rules and regulations and class specifications utilized in the classification and reclassification of position in the career service." § 110.042(10).
By the above statute, "classification plan" is a three-part document composed of (1) the concepts, (2) the rules and regulations, and (3) the class specifications. Thus, in this definition there is confirming evidence that the legislature intended the specifications to mean something different and apart from the rules and regulations. I would reverse.
NOTES
[1] Harvey did challenge the Division's factual conclusion that she was unqualified for the position by requesting a hearing pursuant to § 120.57(1), Fla. Stat. (Supp. 1976). We are not concerned in this proceeding with the results of that hearing.
[2] Job titles and descriptions, like the minimum training and experience requirements, are included in the "class specifications," Fla. Admin. Code Rule 22A-1.04. While those titles and descriptions may also be rules requiring adoption under § 120.54, Harvey has not challenged the job titles and descriptions in this proceeding. The Division may continue to register applicants under the class specifications until they are properly challenged in a § 120.56 or § 120.57 proceeding, if the Division has not by then adopted the class specifications as rules.