479 So.2d 135 (1985)
John M. McCARTHY, Appellant,
v.
DEPARTMENT OF INSURANCE AND TREASURER, Appellee.
No. 84-2353.
District Court of Appeal of Florida, Second District.
October 11, 1985.
Rehearing Denied December 9, 1985.
Paul Watson Lambert of Slepin, Slepin, Lambert & Waas, Tallahassee, for appellant.
Dennis Silverman, State Dept. of Ins., Tallahassee, for appellee.
SCHEB, Judge.
Appellant, John M. McCarthy, challenges a final order issued by appellee, Department of Insurance and Treasurer (Department), revoking his fire safety inspector's certification. We reverse.
On December 17, 1981, McCarthy, fire chief for the Fort Myers Branch Fire Control District, passed an examination given by the Department of Insurance, State Fire Marshal's Office, Bureau of Fire Standards and Training. The Department subsequently certified him as a fire safety inspector. Then, on May 11, 1983, seventeen months later, the Bureau Chief sent McCarthy a letter voiding his certification on the ground that he was not a full-time fire inspector before taking the examination.
McCarthy's counsel objected and requested a formal hearing under the Administrative Procedure Act (APA), section 120.57(1), Florida Statutes (1981). An administrative hearing was conducted under the APA. The hearing officer concluded that McCarthy *136 had been ineligible to take the examination because he was not a full-time fire safety inspector and had not completed pertinent fire safety courses before taking the examination. The officer found that McCarthy's passing score on the test was immaterial since he had been ineligible to take the examination. The officer recommended his certification be rescinded.
The hearing officer based his recommended order on McCarthy's failure to meet one of two qualifications for eligibility to take the examination and obtain certification specified in a letter issued October 16, 1981, by the State Fire Marshal. Those requirements were either (a) a minimum of one year's experience as a full-time fire safety inspector as of January 1, 1982, with successful completion of a forty hour course of instruction in codes and standards, or (b) a minimum of five year's experience as a full-time fire safety inspector as of January 1, 1982.
Although the hearing officer determined that the Fire Marshal's letter was not developed under rulemaking procedures required by the APA, section 120.54, Florida Statutes (1981), he concluded that McCarthy did not contest this issue. Rather, the officer stated that McCarthy's challenge related to whether he met the criteria of the letter.
The Department adopted the hearing officer's recommended order as its final order and voided McCarthy's certification. McCarthy filed this appeal. We have jurisdiction under section 120.68(2), Florida Statutes (1981).
McCarthy contends that he was validly certified in 1981 under the then existing statutory authority. He points out that, contrary to the hearing officer's findings, he did challenge the validity of the October 16 letter as an unadopted rule. Further, he asserts that the hearing officer correctly found the requirements imposed by the letter fell within the definition of a rule under the APA. But, he argues that this letter, while purporting to be a rule, was invalid, since it was not adopted under section 120.54.
Contrary to the hearing officer's determination, the record reveals McCarthy contested the validity of the letter as a rule in a motion to dismiss at the close of the Department's case and again during his own testimony. These challenges were confirmed in a posthearing legal memorandum and a motion for rehearing.
At the time McCarthy passed his examination and was certified, section 633.081(2)(a), Florida Statutes (1981), stated:
Every firesafety inspection required by law or by regulation of the State Fire Marshal shall be conducted by a person certified as having met the inspection training requirements set by the Division of State Fire Marshal of the Department of Insurance. The State Fire Marshal shall maintain current files on all persons certified by the division to make firesafety inspections.
Since this statute provided that the State Fire Marshal set inspection training requirements, we must next address the question of whether the October 16 letter was, in effect, a rule setting forth those requirements.
A "rule" under the APA "means each agency statement of general applicability that implements, interprets, or prescribes law or policy... ." § 120.52(14), Fla. Stat. (1981). Here, the Fire Marshal purported to implement section 633.081(2)(a) by his letter of October 16, 1981, prescribing policy. His method of implementation did not comply with proper APA rulemaking procedures, nor was it adopted under the APA's emergency procedures for rule promulgation. See § 120.54(1)-(9). In fact, the Department did not adopt Florida Administrative Code Rule 4A-39, which sets forth the specific criteria for certification of fire safety inspectors, until November 21, 1983. See § 633.081(2), Fla. Stat. (1981). Nothing in Rule 4A-39 purports to give it retroactive effect; therefore, it cannot be applied retroactively to McCarthy. See Potter v. Department of Administration, 459 So.2d 1170 (Fla. 2d DCA 1984).
*137 The Department counters McCarthy's argument by defending the imposition of its requirements in the October 16, 1981, memorandum issued by the Bureau of Fire Standards and Training. The memorandum, it urges, was an interim measure for certification of fire inspectors and a statement of incipient agency policy.
The Department relies on McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977), for the proposition that rulemaking procedures need not be employed in statements of incipient agency policy. We think the Department's reliance on McDonald is misplaced.
McDonald involved an application for authority to organize and operate a bank. There, the first district's observations on incipient agency policy referred to a statement by the Comptroller to the effect that the total state banking picture must be considered in reviewing an application for a new bank. The court opined that "[t]he APA does not chill the open development of policy by forbidding all utterance of it except within the strict rulemaking process of Section 120.54." Id., 346 So.2d at 580. It further said that "rulemaking procedures are imposed only on policy statements of general applicability, i.e., those statements which are intended by their own effect to create rights, or to require compliance, or otherwise to have a direct and consistent effect of law." Id., 346 So.2d at 581.
Here, unlike the policy statement in McDonald, the October 16 letter sets out categoric requirements as a prerequisite for obtaining certification. This letter was more than incipient agency policy. Since it had the effect of requiring compliance and was not adopted by the proper rulemaking process, it was invalid. Department of Administration v. Harvey, 356 So.2d 323 (Fla. 1st DCA 1977). The Department cannot avoid the rulemaking requirements of section 633.081(2) by merely adopting nonrule policies.
Finally, we have not overlooked the Department's argument that McCarthy's lack of experience and training necessitated the revocation of his certification to protect the public safety and welfare. We find no merit to this contention. McCarthy was not decertified on the ground of incompetence or inability to perform the duties of fire inspector. Rather, the Department found him ineligible to have taken an examination which it had administered to him previously. Moreover, there was no suggestion in the record that McCarthy misrepresented his qualifications to the Department.
We hold that the Department erred in rescinding McCarthy's certification as a fire safety inspector. In view of our holding, we need not address McCarthy's other points on appeal. Accordingly, we reverse and remand to the Department of Insurance for reinstatement of McCarthy's certification.
RYDER, C.J., and GRIMES, J., concur.