675 So.2d 252 (1996)
DEPARTMENT OF REVENUE OF the STATE OF FLORIDA, Appellant,
v.
VANJARIA ENTERPRISES, INC., Appellee.
No. 94-2793.
District Court of Appeal of Florida, Fifth District.
June 21, 1996.
*253 Robert A. Butterworth, Attorney General and Lealand L. McCharen, Assistant Attorney General, Tallahassee, for Appellant.
Gary L. Butler of Cobb Cole & Bell, Daytona Beach, for Appellee.
THOMPSON, Judge.
The Florida Department of Revenue ("DOR"), appeals a final order ruling that DOR's tax assessment procedure was void and of no effect, because it constituted a rule that had not been promulgated in accordance with section 120.54, Florida Statutes (1987). We affirm.
On November 21, 1978, Vanjaria Enterprises, Inc. ("Vanjaria") leased a multiple-use commercial property ("the property") from Candyland, Inc. ("Candyland"). The property consists of a motel, Dairy Queen ice cream shop, restaurant, convenience store, and unimproved *254 real property. Taxes were assessed on the property based upon its multiple-uses in accordance with section 212.031(1), Florida Statutes (1987).[1] Subsection 212.031(1)(a)2 specifically exempts from taxation those portions of the property "used exclusively as dwelling units." Thus, the portion of the property consisting solely of the motel is not subject to the commercial rent tax. However, the parties are in dispute as to the method by which the percentage of the property consisting solely of the motel should be determined. During the lease period, Vanjaria based its payment of commercial rent taxes on its allocation of rent for the property's multiple-uses. Vanjaria allocated 73% of the monthly rent payments to the motel, and allocated the remaining 27% of the rent payments to the nonexempt uses of the property. As a result, Vanjaria only paid taxes on 27% of the property.
In 1986, Vanjaria was audited by DOR in regard to the sales tax paid on the lease during the period of March 1, 1983 through February 28, 1986. DOR determined that Vanjaria and Candyland had overallocated portions of the rent payments to the motel, thereby exempting too much of the property from taxation. According to DOR's calculations, only 24.810% of the property should have been allocated to the motel as opposed to the 73% allocation calculated Vanjaria. DOR's calculations were based on a square footage comparison pursuant to the procedure set forth in its sales and use tax training manual ("Training Manual"). In strict compliance with its tax assessment procedure, DOR divided the total square footage of the property by the square footage of the area consisting solely of the motel. The procedure yielded a taxable factor of .751893 for the property. On June 26, 1987, DOR issued a Notice of Intent to Make Sales and Use Tax Audit Changes, therein assessing Vanjaria $28,879 for the additional sales tax due on the property, in addition to interest in the amount of $9,238 (12% annually), and a penalty of $7,219 pursuant to section 212.12(12), Florida Statutes. Upon the conclusion of a non-jury trial, the trial court entered a final judgment, finding that DOR's procedure for assessing taxes on multiple-use properties, as set forth in the Training Manual, was an unpromulgated rule.
In its first point on appeal, DOR contends that Vanjaria failed to properly challenge its tax assessment procedure as an unpromulgated rule. According to DOR, Vanjaria failed to formally request the trial court to find DOR's tax assessment procedure unenforceable as an unpromulgated rule in its complaint. We disagree. In the complaint, Vanjaria specifically alleged that "[the] formula used by DOR is unreasonable and unauthorized by any rule." Vanjaria's complaint also requested that the trial court "determine that the allocation of sales tax on rent utilized by the Department is improper."
Further, the issue must be treated as though it had been raised in the pleadings because the parties tried the issue by consent. Florida Rule of Civil Procedure 1.190(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." An issue is tried by consent where the parties fail to object to the introduction of evidence on the issue. See Hudson Pest Control, Inc. v. Westford Asset Mgmt., Inc., 622 So.2d 546, 548 (Fla. 5th DCA 1993) (noting that "[p]arties may raise new legal issues at trial with the other party's consent and the court's indulgence, or may amend the pleadings."); Rosenberg v. *255 Guardian Life Ins. Co., 510 So.2d 610, 611 (Fla. 3d DCA 1987), review denied, 520 So.2d 584 (Fla.1988); Maestrelli v. Arrigoni, Inc., 476 So.2d 756 (Fla. 5th DCA 1985). Here, DOR failed to object to the introduction of evidence regarding whether its procedure for assessing taxes on multiple-use properties should have been promulgated as a rule. Evidence on the rule promulgation issue was introduced in Vanjaria's amended motion for summary judgment, during argument on Vanjaria's motion for involuntary dismissal, and in Vanjaria's closing argument. Therefore, DOR impliedly consented to try the rule promulgation issue.
DOR also contends that the audit method contained in the Training Manual is not an unpromulgated rule, in that it merely represents a direct application of the statute. Specifically, DOR contends that it created the Training Manual to provide the method for determining tax exemptions for multiple-use properties, pursuant to section 212.031(1), which directs it to determine exemptions from taxation. We disagree. Although an agency is afforded discretion in issuing orders pursuant to broadly defined statutory objectives, "orders may not be employed to prescribe substantive standards `of general applicability,' for which the [Administrative Procedure Act] requires rules." Albrecht v. Department of Envtl. Regulation, 353 So.2d 883 (Fla. 1st DCA 1977), cert. denied, 359 So.2d 1210 (Fla.1978).
Agency rules are required to be promulgated in accordance with the section 120.54, Florida Statutes (1987). See Department of Natural Resources v. Wingfield Dev. Co., 581 So.2d 193, 196 (Fla. 1st DCA 1991). A rule is defined in section 120.52(16), Florida Statutes (1987), as a "statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of an agency and includes any form which imposes any requirement." An unpromulgated agency rule constitutes an invalid exercise of delegated legislative authority and, therefore, is unenforceable. Wingfield, 581 So.2d at 196.
In determining whether the tax assessment procedure in DOR's Training Manual is an illicit rule we must consider its effect, rather than DOR's characterization of the procedure as a mere direct application of section 212.031(1). See Department of Admin. v. Harvey, 356 So.2d 323, 325 (Fla. 1st DCA 1977). An agency statement that either requires compliance, creates certain rights while adversely affecting others, or otherwise has the direct and consistent effect of law is a rule. See Department of Transp. v. Blackhawk Quarry Co., 528 So.2d 447, 450 (Fla. 5th DCA 1988), review denied, 536 So.2d 243 (Fla.1988) (holding that standard operating procedure that established procedure for accepting and approving cemented coquina shell material was "an agency statement of general applicability implementing or prescribing agency policy," and that the procedure "in and of itself create[d] certain rights and adversely affect[ed] others."); Harvey, 356 So.2d at 325 (holding that the state's minimum training and experience requirements, imposed on all employees, were invalid because they were not created by rule); McDonald v. Department of Banking & Fin., 346 So.2d 569, 581 (Fla. 1st DCA 1977), cert. denied, 368 So.2d 1370 (Fla.1979); Department of Admin. v. Stevens, 344 So.2d 290, 296 (Fla. 1st DCA 1977).
A review of the effect of the tax assessment procedure in the instant case reveals that the procedure is a rule in that it is a "statement of general applicability that implements, interprets, or prescribes law or policy." § 120.52(16), Fla. Stat. Furthermore, the tax assessment procedure creates DOR's entitlement to taxes while adversely affecting property owners. The Training Manual was created to be used as the sole guide for auditors in their assessment of multiple-use properties. In determining exempt versus nonexempt uses of multiple-use properties, DOR's auditors strictly comply with the procedure set forth in the Training Manual for all audits performed. Moreover, DOR auditors are not afforded any discretion to take action outside the scope of the Training Manual. See Stevens, 344 So.2d at 296 (holding that guidelines concerning reassignment of employees upon termination of position constituted rules that were improperly enacted *256 because guidelines were promulgated "for prospective application sometime before [the] immediate exigency arose and [were] issued by the agency head for implementation by subordinates with little or no room for discretionary modification."). The Training Manual requires that the auditors review relevant documents such as purchase orders, lease payments, and legal descriptions, in addition to measuring the property in an effort to develop a taxable factor which is then applied to property. The taxable factor is based on the ratio of exempt square footage to nonexempt square footage.
Finally, DOR contends that although it has utilized the method set forth in its Training Manual for a substantial period of time, the method remains an area of incipient or emerging policy. DOR further contends that it would be unfair for this court to invalidate the tax assessment procedure, because DOR has never had the opportunity to examine or refine its application of section 212.031(1)(b) through adjudication since this is the first challenge mounted toward its application of section 212.031(1)(b). We disagree.
The evidence does not support the contention that DOR's method of assessing taxes on multiple-use properties is an area of "incipient" or "emerging" policy. It is undisputed that DOR consistently uses the tax assessment procedure for all audits performed, and that the auditors are instructed to perform audits in accordance with the procedure. In Florida League of Cities, Inc. v. Admin. Comm'n, 586 So.2d 397 (Fla. 1st DCA 1991) (holding that sanction policy was not a rule because it was not generally applicable, nor did it create rights or require compliance), the court noted that an incipient policy exists where an agency exercises its authority on a case-by-case basis until it has solidified its position on a particular policy through adversarial proceedings. In the instant case, DOR clearly solidified its application of section 212.031(1)(b) through its use of the tax assessment procedure set forth in the Training Manual. DOR consistently assessed taxes in accordance with its procedure of comparing the square footage of exempt and nonexempt uses of multiple-use properties. The procedure set forth in the Training Manual was the only method available to the auditors in assessing taxes on multiple-use properties. There is no evidence presented that DOR applies the procedure on a case-by-case basis. Therefore, DOR's tax assessment procedure is an illicit rule, and not enforceable absent promulgation in accordance with section 120.54.
Accordingly, we affirm the final judgment. The trial court properly concluded that DOR's procedure for assessing taxes on multiple-use properties is an unpromulgated rule and, therefore, of no effect.
AFFIRMED.
GOSHORN and GRIFFIN, JJ., concur.
NOTES
[1] Section 212.031(1), Florida Statutes, provides:

(a) It is declared to be the legislative intent that every person is exercising a taxable privilege who engages in the business of renting, leasing, letting, or granting a license for the use of any real property unless such property is: ...
2. Used exclusively as dwelling units.
* * *
(b) When a lease involves multiple use of real property wherein a part of the real property is subject to the tax herein, and a part of the property would be excluded from the tax under subparagraphs 1., 2., or 3. of paragraph (a), the department shall determine, from the lease or license and such other information as may be available, that portion of the total rent charge which is exempt from the tax imposed by this section.