ROWE, J.
 

 Coventry First, LLC (Coventry) appeals a final order of the Division of Administrative Hearings which dismissed its rule challenge, finding that the documents, policies, and procedures used by the Office of Insurance Regulation (OIR) in its examination of Florida-licensed viatical settlement providers do not constitute unpro-mulgated rules in violation of Chapter 120. We affirm the ALJ’s ruling that the challenged documents, policies, and procedures are not subject to the rulemaking requirements set forth in section 120.54(1), Florida Statutes.
 

 
 *202
 
 BACKGROUND
 

 Coventry First, LLC is a Delaware limited liability company licensed as a viatical settlement provider in Florida pursuant to the Florida Viatical Settlement Act (the Act). §§ 626.991-.99295, Fla. Stat. (2008). As a viatical settlement provider, Coventry provides life insurance policyholders access to a secondary market in which the policyholders can sell their policies in return for a lump-sum cash amount that exceeds the amount that the policyholders would receive if they returned the policy to the life insurance carrier. The appellee, OIR, is a division of Florida’s Financial Services Commission. OIR has the statutory duty to enforce the provisions of the Florida Insurance Code, investigate violations of that code, and regulate insurance activity within Florida. § 624.307, Fla. Stat.
 

 Under section 626.9912, Florida Statutes, OIR issues the licenses necessary for a person to perform the functions of a viatical settlement provider. A “viatical settlement provider” is defined by statute as a person who “effectuates a viatical settlement contract.” § 626.9911(12), Fla. Stat. A “viatical settlement contract” is “a written agreement entered into between a viatical settlement provider ... and a via-tor [which] includes an agreement to transfer ownership or change the beneficiary designation of a life insurance policy at a later date.” § 626.9911(10), Fla. Stat. A “viator” is the owner of the life insurance policy. § 626.9911(14), Fla. Stat.
 

 Section 626.9922(1), Florida Statutes, gives OIR the authority to review any books and records of viatical settlement providers licensed in the state of Florida:
 

 626.9922 Examination.—
 

 (l)The office or department may examine the business and affairs of any of its respective licensees or applicants for a license. The office or department
 
 may order any such licensee or applicant to produce any record, books, files, advertising and solicitation materials, or other information
 
 ... to determine whether the licensee or applicant is in violation of the law or is acting contrary to the public interest....
 

 (Emphasis added.) Subsection (2) specifies what records are to be kept by licensees for examination under the statute:
 
 “all
 
 accounts, books and records, documents, files, contracts, and other information relating to
 
 all transactions
 
 of viatical settlement contracts.... ” (Emphasis added.) Again in subsection (3) the statute uses the term “all such records” in regard to records to be kept for examination. Section 626.9922 does not differentiate between in-state and out-of-state records of licensees.
 

 Coventry conducts business with both Florida viators and out-of-state viators. In a recent case, Coventry challenged OIR’s authority to examine records of its non-Florida settlement agreements, arguing, among other things, that even though it is a licensee in Florida, it does not fall within the Florida statutory definition of a “viatical settlement provider” as to settlement agreements with viators who reside outside of Florida.
 
 Coventry First, LLC v. McCarty,
 
 No. 4:08cv387-SPM/WCS, 2009 WL 903277 (N.D.Fla. Mar. 31, 2009). The District Court found that the Florida Viatical Settlement Act permitted OIR to review and examine these out-of-state contracts of Florida-licensed viatical settlement providers:
 

 [T]o the extent that an examination of out-of-state contracts serve only to confirm Plaintiffs [Coventry’s] claim that non-Florida transactions actually occurred outside of Florida and that contracts have not been altered in order to avoid compliance with Florida law, such an examination is in accordance with the provisions of the Florida Act and there
 
 *203
 
 fore within the jurisdiction of the Defendant [OIR].
 

 Coventry First,
 
 2009 WL 903277, at *7. The Eleventh Circuit affirmed the Northern District Court’s opinion, expressly approving the court’s interpretation of section 626.9922(1):
 

 As the District Court concluded, section 626.9922(1) of the Act specifically gives the Commissioner the right to examine the business records of licensees, and there is no indication that the scope of this right was limited to in-state transactions.
 

 Coventry First, LLC v. McCarty,
 
 605 F.3d 865, 868-869 (11th Cir. 2010).
 

 After the District Court issued its order finding OIR was authorized to review records of Coventry’s out-of-state settlement agreements, and during the pendency of its appeal to the Eleventh Circuit, Coventry filed a petition with the Florida Division of Administrative Hearings, seeking a final order determining whether the documents, policies, and procedures used by OIR in the course of an examination of a viatical settlement provider’s business constitute unpromulgated rules in violation of section 120.54(l)(a), Florida Statutes. Specifically, Coventry challenged the notice letters sent to providers prior to an examination, and OIR’s examination policy, procedures, and manual.
 

 ANALYSIS
 

 The legislature defines an administrative rule at section 120.52(16), Florida Statutes:
 

 “Rule” means each agency statement of general applicability that implements, interprets, or prescribes law or policy or describes the procedure or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule.
 

 An administrative agency is required to promulgate rules on “those statements which are intended by their own effect to create rights, or to require compliance, or otherwise to have the direct and consistent effect of law.”
 
 Agency for Health Care Admin. v. Custom Mobility,
 
 995 So.2d 984, 986 (Fla. 1st DCA 2008) (quoting
 
 McDonald v. Dep’t of Banking & Fin.,
 
 346 So.2d 569, 581 (Fla. 1st DCA 1977)). If the effect of an agency statement is to create certain rights or adversely affect other rights, it is a rule.
 
 Dep’t of Admin. v. Harvey,
 
 356 So.2d 323, 325 (Fla. 1st DCA 1977). Ah agency statement that meets the Chapter 120 definition of a rule, but which has not been promulgated in accord with section 120.54 “constitutes an invalid exercise of delegated legislative authority and, therefore, is unenforceable.”
 
 Dep’t. of Revenue v. Vanjaria Enters., Inc.,
 
 675 So.2d 252 (Fla. 5th DCA 1996) (citing
 
 Dep’t of Natural Resources v. Wingfield Dev. Co.,
 
 581 So.2d 193, 196 (Fla. 1st DCA 1991)).
 

 OIR’s Letters to Licensees
 

 Coventry argues that the letters which OIR sends to licensees requesting production of records for examination, including records of out-of-state viatical settlement agreements, are unpromulgated rules because they are forms which solicit information not required by statute or rule. Contrary to Coventry’s argument, we find that the testimony and evidence in this case demonstrate the letters are not forms and do not require licensees to provide any information for which OIR has not been given statutory authority to examine.
 

 Section 120.52(16), Florida Statutes, states that a rule “includes any form which imposes any requirement or solicits any
 
 *204
 
 information not specifically required by statute or an existing rule.” Section 626.9922(1), Florida Statutes, grants authority to OIR to “order” any and all records from a licensee which is needed for the examination of the business affairs of the licensee, without regard to whether the records pertain to in-state or out-of-state contracts. The record on appeal demonstrates competent, substantial evidence in the form of documentary evidence and the testimony of witnesses to support that the letters sent to licensees to inform them of an impending examination are not unadopted rules as defined by Chapter 120.
 

 OIR’s Examination Policy, Procedures, and Manual
 

 Coventry argues that OIR’s policy and procedures requiring production of records regarding out-of-state transactions, as well as the examination manual, are agency statements of general applicability which have the direct and consistent effect of law. Coventry argues that the ALJ erred in concluding that the examination provision of the Act authorizing OIR to examine “any records” encompasses out-of-state transactions as well as in-state transactions. Contrary to Coventry’s arguments, we find there is competent, substantial evidence which supports that those documents are internal management mem-oranda, and they are not statements of general applicability, nor do they solicit or require any information not required by statute. Further, we find there is competent, substantial evidence to support that examination of both in-state and out-of-state records is necessary for OIR to determine whether out-of-state transactions are properly identified as such.
 

 Pursuant to section 626.99275(1)(d), Florida Statutes, “[i]t is unlawful for any person: ... [t]o knowingly or intentionally facilitate the change of state of residency of a viator to avoid the provisions of this chapter;” thus, OIR is required to examine a licensee’s out-of-state transactions to determine whether or not there was a violation of this statute. As a practical matter, OIR will not know whether a violation has occurred without full access to
 
 all
 
 of the books and records of a licensee as permitted by section 626.9922.
 

 OIR’s policies and procedures are merely internal management memoranda, which are not required to be promulgated by rule. In
 
 Dep’t of Highway Safety & Motor Vehicles v. Schluter, 705
 
 So.2d 81, 82 (Fla. 1st DCA 1997), this court held that three of the policies at issue there could not be considered statements of general applicability because the record established that they were only to apply under “certain circumstances.” This court found that such statements should be considered as merely guidelines “in that their application was subject to the discretion of the employee’s supervisor,” and as such, the policy could not have the “direct and consistent effect of law.”
 
 Id.
 
 (citing
 
 McDonald,
 
 346 So.2d at 581);
 
 see also Agency for Health Care Admin. v. Custom Mobility, Inc.,
 
 995 So.2d 984, 986 (Fla. 1st DCA 2008) (finding that the formula at issue was subject to discretionary application because the agency could choose whether or not to use the methodology). Evidence here supports that OIR’s documents are internal management memoranda which are used subject to the discretion of the examiners; as such, they are not statements of general applicability, and they do not have the effect of law. It is the Act and not OIR’s internal management mem-oranda that provides the authority for requiring the production of all books and records.
 

 In determining whether an agency statement is an unpromulgated rule, the effect of the statement must be also taken
 
 *205
 
 into consideration.
 
 Dep’t of Revenue v. Vanjaria Enters., Inc.,
 
 675 So.2d 252 (Fla. 5th DCA 1996). In
 
 Vanjaria Enterprises,
 
 the court held that the Department of Revenue’s training manual used for the tax assessment procedure was a statement of general applicability and an unpromulgat-ed rule because it was the sole guide for the auditors, it was not applied on a case-by-case basis, and the auditors had no discretion to act outside of the procedure. Unlike the manual in
 
 Vanjaria,
 
 evidence here supports that OIR’s policies, procedures, and manual are not rigid guides for examinations. Testimony in this case demonstrates that the documents at issue are applied on a case-by-case basis, and examiners have discretion to deviate from the documents. In addition, where, as here, a manual merely informs of a process or procedure without mentioning a penalty for noncompliance, it not the equivalent of a rule.
 
 See Dep’t of Revenue v. Novoa,
 
 745 So.2d 378, 382 (Fla. 1st DCA 1999).
 

 Coventry’s underlying argument here is that it should not be required to produce its out-of-state viatical settlement agreements under the examination procedure of section 626.9922(1), which is the same argument recently rejected by the Eleventh Circuit in
 
 Coventry First, LLC v. McCarty,
 
 605 F.3d 865 (11th Cir. 2010),
 
 aff'g
 
 No. 4:08cv387-SPM/WCS, 2009 WL 903277 (N.D.Fla. 2009). We agree with the Eleventh Circuit that the scope of examination under section 626.9922(1) is not limited to in-state transactions, and we affirm the ALJ’s order in the rule challenges at issue here.
 

 AFFIRMED.
 

 KAHN and MARSTILLER, JJ., concur.