Dear Mr. Harmon:
On behalf of the Florida Mobile Home Relocation Corporation, you ask substantially the following question:
Is the Florida Mobile Home Relocation Corporation required to engage in rulemaking pursuant to Chapter 120, Florida Statutes, in its adoption of bylaws pursuant to section 723.0611(3)(a), Florida Statutes?
In sum:
Generally, bylaws adopted by the Florida Mobile Home Relocation Corporation are not required to be promulgated as rules pursuant to Chapter 120, Florida Statutes. However, where such bylaws require compliance, create certain rights, and adversely affect others, or otherwise have the direct and consistent effect of law, they are subject to the rulemaking procedures.
Section 723.0611(1), Florida Statutes, creates the Florida Mobile Home Relocation Corporation (FMHRC), administered by a six-member board of directors. The corporation is considered an agency of the state for purposes of sovereign immunity.[1] Subsection (3) of the section directs the board to:
"(a) Adopt a plan of operation and articles, bylaws, andoperating rules pursuant to the provisions ofss. 120.536 and 120.54 to administer the provisions of this section and ss. 723.06115, 723.06116, and 723.0612.
(b) Establish procedures under which applicants for payments from the corporation may have grievances reviewed by an impartial body and reported to the board of directors."[2] (e.s.)
Rules of statutory construction would appear to preclude applying the qualifying phrase "pursuant to the provisions of ss. 120.536 and 120.54" to anything other than the "operating rules."[3] To interpret the legislation otherwise would require formal rulemaking procedures for the corporation's plan of operation, articles of incorporation, as well as bylaws. It is a general rule of statutory construction that ordinary rules of grammar and punctuation are to be used in determining construction of a statute. The Legislature is presumed to know the meaning of words and rules of grammar and, thus, the Legislature's intent may be ascertained by giving the generally accepted construction not only to the phraseology of an act, but also to the manner in which it is punctuated.[4]
Section 120.536, Florida Statutes, requires that there be a specific law to be implemented along with a grant of rulemaking authority before an agency may adopt a rule on a particular matter. An agency may adopt only rules that implement or interpret specific powers or duties granted by an agency's enabling legislation.
Section 120.52(16), Florida Statutes, defines "[r]ule" to mean
"each agency statement of general applicability that
implements, interprets, or prescribes law or policy or describesthe procedure or practice requirements of an agency and includes any form which imposes any requirement or solicits any information not specifically required by statute or by an existing rule. The term also includes the amendment or repeal of a rule. The term does not include:
(a) Internal management memoranda which do not affect either the private interests of any person or any plan or procedure important to the public and which have no application outside the agency issuing the memorandum.
(b) Legal memoranda or opinions issued to an agency by the Attorney General or agency legal opinions prior to their use in connection with an agency action.
(c) The preparation or modification of:
1. Agency budgets.
2. Statements, memoranda, or instructions to state agencies issued by the Chief Financial Officer or Comptroller as chief fiscal officer of the state and relating or pertaining to claims for payment submitted by state agencies to the Chief Financial Officer or Comptroller.
3. Contractual provisions reached as a result of collective bargaining.
4. Memoranda issued by the Executive Office of the Governor relating to information resources management." (e.s.)
The courts of this state have found that an agency statement or policy is a rule if it requires compliance, creates certain rights while adversely affecting others, or otherwise has the direct and consistent effect of law.[5] When deciding whether a challenged action constitutes a rule, a court analyzes the action's general applicability, requirement of compliance, or whether such action has the direct and consistent effect of law.[6]
For example, in Department of Business and ProfessionalRegulation v. Harden, [7] the court concluded that a Florida Construction Industry Licensing Board procedure referring all licensing applications to an application committee that reviewed them and made recommendations as to whether they should be approved or denied was an unadopted rule. The board argued that the practice fell within the internal management memorandum exception to the rulemaking requirement in section 120.52, Florida Statutes. The court noted that the internal memorandum exception only applies when a matter does "not affect either the private interest of any person or any plan or procedure important to the public and which [has] no application outside the agency issuing the memorandum." The court determined that private interests were affected in that the review committee was supplied with all license application materials, reviewed pending applications, and forwarded its recommendations to the full board.[8]
You have cited to an instance where the court found that bylaws approved by a state hospital's professional staff organization were subject to rulemaking procedures in Chapter 120, Florida Statutes.[9] In that case, the bylaws allowed only physicians employed by the hospital to admit or discharge patients from the hospital, engage in hospital policy-making, authorize outside clinical procedures, treat life-threatening emergencies, and participate in emergency drills. Inasmuch as the doctor who was challenging the bylaws was a licensed psychologist and, therefore, not authorized under the bylaws to perform any of the enumerated procedures, the court found that the bylaws effectively established the clinical privileges allowed the psychologist and were unpromulgated rules.[10]
Thus, there are instances where plans, articles, and bylaws would be subject to rulemaking procedures in Chapter 120, Florida Statutes. If a statement of the board in the form of a plan, article or bylaw requires compliance, creates certain rights while adversely affecting others, or otherwise has the direct and consistent effect of law, then the provisions of Chapter 120, Florida Statutes, governing formal rulemaking must be followed in its promulgation. Moreover, when an agency's internal procedure affects private interests of any person or affects a plan or procedure important to the public, and has an application outside the agency, it is subject to rulemaking procedures.
Accordingly, it is my opinion that where the bylaws of the Florida Mobile Home Relocation Corporation require compliance, create certain rights, and adversely affect others, or otherwise have the direct and consistent effect of law, such bylaws must be promulgated pursuant to Chapter 120, Florida Statutes.
Sincerely,
 Bill McCollum Attorney General
BM/tals
[1] See s. 723.0611(2)(c), Fla. Stat.
[2] Section 723.0611(3), Fla. Stat.
[3] See Op. Att'y Gen. Fla. 83-60 (1983) and Mallard v.Tele-Trip Company, 398 So. 2d 969 (Fla. 1st DCA 1981) (under doctrine of last antecedent, relative and qualifying words and phrases are to be applied to the word or phrase immediately preceding).
[4] See Florida State Racing Commission v. Bourquardez,42 So. 2d 87 (Fla. 1949) (Legislature is presumed to know meaning of words and rules of grammar; court is advised of Legislature's intention by giving the generally accepted construction not only to phraseology of act but to manner in which it is punctuated);S.R.G. Corporation v. Department of Revenue,365 So. 2d 687 (Fla. 1978); Ops. Att'y Gen. Fla. 77-142 (1977) (punctuation is a part of an act and may be considered in act's interpretation); 93-26 (1993) (Legislature is presumed to know meaning of words and the rules of grammar; thus, legislative intent is first to be determined by the language used, considered in its ordinary grammatical sense); 99-62 (1999).
[5] See Coventry First, LLC v. State, Office of Ins.Regulation, 38 So. 3d 200 (Fla. 1st DCA 2010) (administrative agency is required to promulgate rules on statements intended by their own effect to create rights, or to require compliance, or otherwise to have the direct and consistent effect of law);Florida Department of Revenue v. Vanjaria Enterprises,Inc., 675 So. 2d 252, 254-255 (Fla. 5th DCA 1996)
(assessment procedure used by the department was an unpromulgated rule); Balsam v. Department of Health RehabilitativeServices, 452 So. 2d 976, 977-978 (Fla. 1st DCA 1984) (any agency statement is a rule if it creates certain rights and adversely affect others, or requires compliance).
[6] See Florida Department of Financial Services v. CapitalCollateral Regional Counsel-Middle Region,969 So. 2d 527 (Fla. 1st DCA 2007).
[7] 10 So. 3d 647 (Fla. 1st DCA 2009).
[8] Id. at 649.
[9] Reiff v. Northeast Florida State Hospital,710 So. 2d 1030 (Fla. 1st DCA 1998).
[10] Id. at 1032-1033.