PER CURIAM.
Appellant seeks review of a final order determining that the Division of Pari-mu-tuel Wagering’s policy of treating “ ‘Gret-na-style’ barrel match racing” as an authorized form of quarter horse racing for purposes of issuing permits and licenses under chapter 550, Florida Statutes, is a “rule” that has not been adopted pursuant to the rulemaking process in violation of section 120.54(l)(a), Florida Statutes. For the reasons that follow, we affirm.[1]
The issue in this case is not whether barrel match racing can be or should be considered “horseracing” for purposes of the state’s pari-mutuel wagering laws. Instead, the narrow issue in this case is whether the Division’s policy of treating barrel match racing as an authorized form of quarter horse racing is an unadopted rule.[2] On this issue, the Administrative Law Judge succinctly explained:
A policy which allows pari-mutuel wagering to be conducted on a previously unrecognized activity by deeming that activity to be “quarter horse racing” is without question a statement of general applicability having the force and effect of law. Florida administrative law does not allow an agency to establish such a policy stealthily by the issuance of expedient licenses; this is equally true whether the policy is highly controversial or widely praised. To be legal and enforceable, a policy which operates as *1120 law must be formally adopted in public, through the transparent process of the rulemaking procedure set forth in section 120.54. In sum, the Division’s policy of licensing the conduct of pari-mutu-el wagering on [barrel match racing], on the ground that [barrel match racing] is legally equivalent to quarter horse racing, constitutes an unadopted rule. As such, it violates section 120.54(l)(a).
We agree with this analysis, and because the findings upon which the analysis is based are supported by competent substantial evidence, we affirm the final order.
AFFIRMED.
CLARK, WETHERELL, and RAY, JJ., concur.

. We reject, without further comment, Appellant’s argument that Appellees lacked standing below, Appellees' argument that Appellant lacked standing to appeal, and Appellees' argument that this appeal is moot because the Division did not appeal the final order and recently initiated rulemaking on matters related to the policy at issue in this case.

. An unadopted rule is "an agency statement that meets the definition of the term ‘rule,’ but that has not been adopted pursuant to the requirements of s. 120.54.” § 120.52(20), Fla. Stat.; see also § 120.54(l)(a), Fla. Stat. (requiring agency statements that meet the definition of a rule to be adopted through the rulemaking process as soon as feasible and practicable). A "rule” is "each agency statement of general applicability that implements, interprets, or prescribes law or policy.” § 120.52(16), Fla. Stat.; see also Dep’t of Highway Safety & Motor Vehicles v. Schluter, 705 So.2d 81 (Fla. 1st DCA 1997) (holding that policies governing employee misconduct that applied without exception were unadopt-ed rules); McCarthy v. Dep’t of Ins. and Treasurer, 479 So.2d 135 (Fla. 2d DCA 1985) (holding that a letter from the fire marshal setting out requirements for obtaining fire inspector certification constituted an una-dopted rule); Dep’t of Admin. v. Harvey, 356 So.2d 323 (Fla. 1st DCA 1977) (holding that minimum training and experience requirements for state employment were unadopted rules); Dep’t of Admin. v. Stevens, 344 So.2d 290 (Fla. 1st DCA 1977) (holding that the procedures for "bumping” or laying off an employee upon termination by the legislature of another employee’s position, were unadopt-ed rules); but see St. Francis Hosp., Inc. v. Dep't of Health & Rehabilitative Servs., 553 So.2d 1351, 1354 (Fla. 1st DCA 1989) (explaining that "an agency interpretation of a statute which simply reiterates the legislature’s statutory mandate and does not place upon the statute an interpretation that is not readily apparent from its literal reading, nor in and of itself purport to create certain rights ... or have the direct and consistent effect of the law, is not an [unadopted] rule”); Envtl. Trust v. Dep’t of Envtl. Prot., 714 So.2d 493, 498 (Fla. 1st DCA 1998) ("An agency statement explaining how an existing rule of general applicability will be applied in a particular set of facts is not itself a rule.”).