500 So.2d 202 (1986)
The YACHTING ARCADE, Inc., Appellant,
v.
RIVERWALK CONDOMINIUM ASSOC. INC., and State of Florida Department of Environmental Regulation, Appellees.
No. BJ-218.
District Court of Appeal of Florida, First District.
September 16, 1986.
Rehearing Denied October 20, 1986.
*203 Joseph W. Landers, of Landers, Parsons & Uhfelder, Tallahassee, and Alan S. Polackwich, Sr., of Smith, O'Haire, Quinn & Garris, Vero Beach, for appellant.
George H. Moss, of Moss, Henderson & Lloyd, Vero Beach, for appellee Riverwalk Condominium Assoc., Inc.
Douglas M. Wyckoff and Vivian Feist Garfein, Asst. Gen. Counsel, Tallahassee, for appellee Dept. of Environmental Regulation.
WENTWORTH, Judge.
Appellant seeks review of a September 16, 1985, Department of Environmental Regulation (DER) final order, by which appellant's application for a dredge and fill permit to construct a commercial dock facility was denied.
Appellant, a Florida corporation, on March 15, 1984, submitted to appellee DER's St. John's River District Office an application for activities in the waters of Florida. The application was for construction of a 530 foot long commercial dock with 20 finger piers to provide a docking facility for 36 boats in Bethel Creek in Vero Beach. Appellant subsequently submitted a revised application deleting from the project design the 20 finger piers. DER on June 5, 1984 sent notice of the revised application to various persons and agencies, and on July 27, 1984 submitted its permit application appraisal. The appraisal recommended minor changes. DER on February 14, 1985 notified appellant of its intent to issue the permit.
On February 27, 1985 DER received a petition signed by seven persons. DER assigned the petition to the Department of Administrative Hearings (DOAH), but on March 15, 1985 DER filed with DOAH a motion to dismiss the petition for failure to conform to requirements for a formal proceeding under Rule 28-5.201(2), Fla. Admin. Code. The motion was granted with leave to amend the petition. The petitioners submitted a response to the motion to dismiss, which DER received on April 1, 1985. DOAH then scheduled a hearing for July 9, 1985. Three of the original petitioners failed to appear, but the hearing officer permitted the Riverwalk Condominium Association to be substituted for those three persons, and allowed one Harold Wiggers to act as its representative at the hearing. In a recommended order submitted August 7, 1985, the hearing officer concluded appellant had failed to provide reasonable assurances that no adverse effect on navigation would occur as a result of the proposed dock. DER issued a final order adopting the recommended order and denying appellant's permit application.
Appellant argues: (1) Riverwalk Condominium Association, Inc., was not entitled to a formal administrative hearing under section 120.57, Florida Statutes; (2) the agency's finding of fact that the proposed project will impede navigation and create a *204 navigational hazard is not supported by competent and substantial evidence; and (3) the raising of the navigational issue at the hearing was violative of appellant's right of procedural due process.
Appellant cites City of Punta Gorda v. Public Employees Relations Commission, 358 So.2d 81 (Fla. 1st DCA 1978), as support for its argument that no hearing should have been held because no proper request for a hearing was submitted to DER. In that case, the City filed objections with PERC following a union election. The court did not find the objections were a request for a formal hearing. In this case, petitioners filed two documents enumerating their concerns over the dock proposal and requesting relief by way of DER's denial of the application. The petition in this case conformed to the requirements of Rule 28-5.201 and was sufficient to trigger administrative proceedings.
The record shows appellant did not object to the petition, substitution of parties, qualifications of the Riverwalk Association representative, or Riverwalk Association's standing in the tribunal below. These issues accordingly are unreviewable. Dubowitz v. Century Village East, Inc., 385 So.2d 1116 (Fla. 4th DCA 1980). Appellant claims these alleged procedural errors were fundamental, but fails to show how it was prejudiced by any such action or omission. Solomon v. Hunt, 243 So.2d 185 (Fla. 3d DCA 1971).
On points 2 and 3, supra, appellant failed either to introduce evidence or to rebut testimony presented during the hearing regarding hazards to navigation posed by the proposed dock. Appellant argues that petitioners did not raise the issue of the effect of the proposed dock on navigation prior to the hearing. But petitioner's February 25, 1985 petition stated "such large numbers of boats will create navigational hazards," and petitioner's March 27, 1985 "response" stated "pollution and boat traffic will be greatly increased." Appellant also failed to object to the introduction of the navigation evidence presented below. McDonald v. Department of Banking and Finance, 346 So.2d 569 (Fla. 1st DCA 1977).
Affirmed.
NIMMONS, J., and DAVEY, Associate Judge, concur.