VAN NORTWICK, J.
 

 The Construction Industry Licensing Board of the Department of Business and Professional Regulation (CILB) appeals a final order from the Department of Administrative Hearings (DOAH) which determines (1) that a procedure under which license applications are reviewed by CILB constitutes an unadopted rule and, thus, is invalid; and (2) that rule 61G4-12.017, Florida Administrative Code, is an invalid exercise of legislative authority. We affirm in part and reverse in part.
 

 The CILB was created by the legislature within the Department of Business and Professional Regulation to carry out the provisions of part I of chapter 489, Florida Statutes, relating to construction contracting.
 
 See
 
 § 489.107(1), Fla. Stat. (2006). Adam M. Harden applied with CILB to obtain a license as a general contractor. Following denial of his application, he sought review, and a hearing before DOAH was conducted. At this administrative proceeding, it was established that Harden’s application was reviewed by an application committee that was appointed by CILB’s chair and assigned the responsibility of reviewing pending applications. Under this procedure, the committee recommends to the CILB whether an application should be approved or denied. Harden’s application was reviewed by the application committee on two occasions. The record shows that the application review committee recommended that Harden’s application be denied because he did not submit adequate proof that he had complied with an order of the Hills-borough County Building Board of Adjustment which had imposed a restitution requirement on Harden. Following the recommendation of the application committee regarding Harden’s application, CILB denied it.
 

 The CILB is divided by statute into two divisions, Division I, which has jurisdiction over the regulation of general contractors, building contractors, and residential contractors, and Division II, which has jurisdiction over all other contractors. § 489.107(4), Fla. Stat. Each division is enjoined by statute from taking action on any matter within the jurisdiction of the other, and chapter 489 sets out the membership criteria for each. It is undisputed that there is neither a statute nor a rule expressly authorizing the application review committee.
 

 Following an evidentiary hearing, the administrative law judge (ALJ) concluded that the
 

 committee procedure by which [Harden’s] application was reviewed meets the definition of a ‘rule’ set forth at subsection 120.52(15), Florida Statutes, because it is an agency statement of general applicability that implements section 120.60, Florida Statutes, and describes the application approval of the CILB.
 

 The ALJ noted the well-established law that an agency statement which is the equivalent of a rule must be adopted according to rule making procedures set forth in the Florida Administrative Procedure Act, chapter 120, Florida Statutes.
 
 See Envtl. Trust, Inc. v. State Dep’t of Envtl. Prot.,
 
 714 So.2d 493 (Fla. 1st DCA 1998);
 
 Christo v. State Dep’t of Banking & Fin.,
 
 649 So.2d 318 (Fla. 1st DCA 1995). Here, no rule was adopted establishing the application review committee, and the ALJ
 
 *649
 
 found that the CILB had not established that rulemaking was neither feasible nor practical with regard to this committee.
 

 On appeal, the CILB argues that the ALJ erred in concluding that its procedure did not fall within one of the exceptions to the requirement of rulemaking set forth in section 120.52(15), the “internal management memorandum” exception. An internal management memorandum is a matter which does “not affect either the private interest of any person or any plan or procedure important to the public and which [has] no application outside the agency issuing the memorandum.” § 120.52(15)(a). CILB has not demonstrated, however, that this argument was raised below. It is well-established that for an issue to be preserved for appeal, it must be raised in the administrative proceeding of the alleged error.
 
 Yachting Arcade, Inc. v. Riverwalk Condo. Assoc., Inc.,
 
 500 So.2d 202, 204 (Fla. 1st DCA 1986).
 

 Moreover, we cannot agree that the procedure utilizing the application review committee does not affect any private interests. The application review committee is responsible for reviewing pending li-censure applications. All application materials are provided to members of this committee, and its recommendation is forwarded to the Board. It was unclear to the ALJ whether the application at issue in the instant case was reviewed by the full CILB prior to the vote and whether all application materials were provided to the full CILB. At the time Harden’s application was denied, the Board voted unanimously in favor of all the recommendations made by the application committee for that particular CILB meeting. Thus, it seems clear that private interests were affected by this CILB procedure. We therefore affirm the ALJ’s conclusion that the “committee procedure by which license applications are reviewed, and in some cases, approved as an unadopted rule and is therefore invalid.”
 

 CILB also challenges the ALJ’s conclusion that one of its rules, rule 61G4-12.017, is an invalid exercise of delegated legislative authority. This rule provides, in pertinent part, that the Board may deny certification or registration to a contractor who has violated any provision of section 489.129(1), Florida Statutes; that the Board will not reinstate the certification or registration or issue new certification or registration to a contractor whose license has been suspended unless proof is shown that all requirements imposed by “any final order” against the contractor have been met; and that the Board will not relicense a contractor whose certification and registration has been revoked or voluntarily relinquished until appropriate rehabilitation, which may include restitution, has been shown. The CILB interprets “any final order” as including final orders issued by other jurisdictions, such as the Hillsborough County Building Board of Adjustment. As noted, Harden’s application for licensure as a general contractor was denied because he did not submit proof of restitution which had been ordered by the Hillsborough County Building Board of Adjustment in 1997.
 

 Rule 61G4-12.017 cites as authority several statutory provisions, but the ALJ found none of the statutes relevant to this dispute except section 489.129. In pertinent part, this statute provides:
 

 489.129 Disciplinary proceedings.—
 

 (7) The board shall not issue or renew a certificate, registration, or certificate of authority to any person or business organization that has been assessed a fine, interest, or costs associated with investigation and prosecution, or has been ordered to pay restitution, until such fine, interest, or costs associated with investigation and prosecution or restitution are
 
 *650
 
 paid in full or until all terms and conditions of
 
 the
 
 final order have been satisfied.
 

 (Emphasis supplied). The ALJ found that section 489.129 “clearly indicates that the final order being addressed in subsection (7) is a final order issued by the CILB.” While we do not disagree that the term “final order” in section 489.129(7) refers to a final order of the CILB, we disagree that rule 61G4-12.017 is an invalid exercise of delegated legislative authority, because authority for this rule may be obtained from other subsections of section 489.129(7). Subsection (l)(h) of section 489.129 grants the Board the power to deny issuance of a certification, registration, or the grant of a certification of authority when the applicant for such has been “disciplined by any municipality or county for an act or violation of this part.” This subsection authorizes the Board to consider final orders imposed by other jurisdictions which discipline an applicant, such as the final order in the instant case. Further authority for the rule in question is provided by sections 489.129(l)(b) and 489.129(l)(q), which respectively give the Board authority to consider whether the applicant for licensure has been convicted of or pled nolo conten-dere to a crime in any jurisdiction relating to the practice of contracting and whether a civil judgment has been entered against the applicant. Therefore, we reverse that part of the final order which concludes that rule 61G4-12.017 is an invalid exercise of delegated legislative authority.
 

 The final order is therefore AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
 

 PADOVANO, J., and LAWRENCE, JR., L. ARTHUR, Senior Judge, concur.