# FIRST DISTRICT COURT OF APPEAL
# STATE OF FLORIDA

_____

No. 1D2023-0941

_____

PUBLIX SUPER MARKETS, INC.,
NORMANDY INSURANCE COMPANY,
ZENITH INSURANCE COMPANY,
BRIDGEFIELD EMPLOYERS
INSURANCE COMPANY,
BRIDGEFIELD CASUALTY
INSURANCE COMPANY,
BUSINESSFIRST INSURANCE
COMPANY, and RETAILFIRST
INSURANCE COMPANY,

 Appellants,

 v.

DEPARTMENT OF FINANCIAL
SERVICES, DIVISION OF
WORKERS' COMPENSATION,
PRESCRIPTION PARTNERS, LLC;
FLORIDA MEDICAL ASSOCIATION;
FLORIDA OSTEOPATHIC MEDICAL
ASSOCIATION; and FLORIDA
ORTHOPAEDIC SOCIETY,

 Appellees.

_____

On appeal from the Division of Administrative Hearings.
Darren A. Schwartz, Administrative Law Judge.

February 25, 2026

NORDBY, J.

Under a longstanding provision of Florida's Workers' Compensation Law, an injured employee has a "free, full, and absolute choice" of which "pharmacy or pharmacist" fills and dispenses any required prescriptions under Chapter 440. To resolve this case, we must decide whether a physician authorized to dispense medication under section 465.0276, Florida Statutes, is considered a pharmacist within the meaning of this "absolute choice" provision in section 440.13, Florida Statutes.

The underlying proceeding arose in 2023, when the Department of Financial Services, through its Division of Workers' Compensation, issued proposed rules interpreting section 440.13's "absolute choice" language to include healthcare practitioners who are authorized to dispense drugs directly to their patients. The proposed rules prohibit workers' compensation insurance carriers from denying authorization or reimbursement for prescription medication solely because a "dispensing practitioner" dispenses the medication.

Appellants, a group of companies affected by the proposed rules, filed an administrative petition challenging the proposals as invalid exercises of delegated legislative authority. Ultimately, after a hearing, the Division of Administrative Hearings (DOAH) issued a final order rejecting Appellants' claims and dismissing the petition. Because we find that the proposed rules improperly enlarge, modify, or contravene the "absolute choice" provision in section 440.13(3)(j), Florida Statutes (2022), we set aside that final order.

I.

We begin with some basic background. Florida's workers' compensation system is set out in Chapter 440 of the Florida Statutes. The Legislature based this statutory no-fault system "on a mutual renunciation of common-law rights and defenses by employers and employees alike" and designed the regime to be "self-executing." § 440.015, Fla. Stat. The law generally immunizes employers from suits by employees for injuries arising out of and in the course of employment; in exchange, the employer

2

must pay the employee indemnity benefits related to lost work and provide the employee medically necessary remedial treatment, care, and attendance for the injury. § 440.13(2)(a), Fla. Stat. This includes any medically necessary prescription medication.

To receive payment under Chapter 440, a medical provider who renders non-emergency services must receive authorization from the employer's workers' compensation insurance carrier before providing treatment. § 440.13(13)(a), Fla. Stat. With limited exceptions, the carrier selects and authorizes the provider who will provide treatment to the injured employee. After the injured employee receives the authorized treatment, the provider bills the carrier directly, and the carrier pays.

One significant exception to the typical carrier authorization structure is prescription medication. Before 1994, carriers had sole control over where injured employees could go to have their prescription medications dispensed. But that changed. In a 1993 special session, the Legislature amended Chapter 440 to allow injured employees the "free, full, and absolute choice" to select any pharmacy or pharmacist to dispense medications. *See* Laws of Fla. 93-415 at 103 (codified as § 440.13(3)(j), Fla. Stat. (1994)). Since then, the Legislature has made no substantive changes to this "absolute choice" provision:

> Notwithstanding anything in this chapter to the contrary, a sick or injured employee shall be entitled, at all times, to free, full, and absolute choice in the selection of the pharmacy or pharmacist dispensing and filling prescriptions for medicines required under this chapter. It is expressly forbidden for the department, an employer, or a carrier, or any agent or representative of the department, an employer, or a carrier, to select the pharmacy or pharmacist which the sick or injured employee must use; condition coverage or payment on the basis of the pharmacy or pharmacist utilized; or to otherwise interfere in the selection by the sick or injured employee of a pharmacy or pharmacist.

§ 440.13(3)(j), Fla. Stat.

Outside of Chapter 440, in a separate statutory provision, the Legislature has approved certain healthcare providers to dispense drugs to their patients in the regular course of practice. Enacted in 1986, section 465.0276, Florida Statutes, governs these dispensing practitioners: "[a] person may not dispense medicinal drugs unless licensed as a pharmacist or otherwise authorized under this chapter to do so, except that a practitioner authorized by law to prescribe drugs may dispense such drugs to her or his patients . . . in compliance with this section." § 465.0276(1)(a), Fla. Stat.

Historically, the Department interpreted the "free, full, and absolute choice in the selection of the pharmacy or pharmacist" language of section 440.13(3)(j) to exclude dispensing practitioners. Yet, in 2020, the Department reversed course. Contrary to its previous interpretation, the Department concluded that dispensing practitioners were to be considered pharmacists under the "absolute choice" provision. Accordingly, the Department issued an information bulletin that explained:

> failure to authorize and/or reimburse for prescription medications solely because the medication is or will be dispensed by a licensed Florida dispensing physician instead of a pharmacist, interferes with the full, free and absolute choice of the sick or injured employee and, therefore, is contrary to law.

Florida Dep't of Fin. Servs., Informational Bull. DWC-01-2020, (Mar. 31, 2020), https://www.myfloridacfo.com/docs-sf/workers-compensation-libraries/workers-comp-documents/bulletins/DWC-01-2020.pdf.

Appellants (excluding Publix Super Markets, Inc.) filed a petition with DOAH challenging the Department's authority to issue the bulletin. Eventually, the parties entered a settlement stipulation under which Appellants dismissed their petition and the Department rescinded its bulletin. As part of the settlement, the Department replaced the bulletin with a Notice of Rule Development. Soon after, the rulemaking process began.

After workshopping the rules, the Department published the two proposals challenged here. Proposed Rule 69L-7.730 added the following language to an existing rule addressing the medical billing and reporting responsibilities of healthcare providers:

> Physicians (including oral surgeons), physician assistants, ARNPs, and any other recognized practitioners registered to dispense medications pursuant to section 465.0276, F.S., may dispense medications to the injured worker. Medication is treatment and must be authorized prior to dispensing, pursuant to section 440.13(3)(a), F.S., and must be medically necessary to treat the compensable injury. Dispensing such medication may not be denied, absent a contrary contractual provision, and reimbursement may not be disallowed or adjusted for the sole reason that the injured worker has chosen to receive such medication from a practitioner registered to dispense medications under Chapter 465, F.S. All requests for authorization of medications to be dispensed must specify drug name, dosage, and strength, must be documented in the injured worker's file, and must be sent in a manner prescribed by the carrier pursuant to section 440.13(3)(e), F.S. A carrier's failure to timely respond to a written request for authorization shall be governed by section 440.13(3)(d), F.S.

48 Fla. Admin. Reg. 5153–54 (Dec. 29, 2022).

Likewise, the accompanying Proposed Rule 69L-7.740 added the following language to the existing rule governing insurer authorization and medical bill review responsibilities:

> Medication is treatment. When physicians (including oral surgeons), physician assistants, ARNPs, and any other recognized practitioners registered to dispense medications pursuant to section 465.0276, F.S., submit a medical bill for reimbursement of dispensed medication, the insurer, claim administrator, or entity acting on behalf of the insurer may disallow payment for dispensed medication if the medication is not authorized

5

prior to dispensing, pursuant to section 440.13(3)(a), F.S., and is not medically necessary to treat the compensable injury. Dispensing such medications may not be denied, absent a contrary contractual provision, and reimbursement may not be disallowed or adjusted for the sole reason that the injured worker chooses to receive such medications from a practitioner registered to dispense medications under chapter 465, F.S. Any response to a request for authorization must be communicated electronically or by telephone to the health care provider and must be documented in the claims administration system. Failure to timely respond to the written request for authorization shall be governed by section 440.13(3)(d), F.S.

*Id.* at 5154.

Appellants quickly challenged the validity of the two proposed rules. The Department was joined by the other Appellees—various intervening professional physician associations and a medication claims processing company—in defending the proposed rules. The administrative rule challenge proceeded to a final hearing before an administrative law judge (ALJ) at DOAH. The parties offered several exhibits into evidence, but only Brittany O'Neil, the designated representative of the Department, testified as a witness. O'Neil testified by deposition, which was admitted into evidence, and live at the hearing. O'Neil stated that it was the Department's position that, when it came to filling prescriptions, the statute allows for a "free and full choice by the injured worker, which will include getting their medication from a physician registered to dispense." When asked which statute provides injured employees this "free and full choice," O'Neil cited only section 440.13(3)(j).

DOAH entered its final order dismissing Appellants' petition. In it, the ALJ concluded that (1) the Department did not exceed its grant of rulemaking authority, (2) the proposed rules did not enlarge, modify, or contravene the specific provisions of the law implemented, and (3) the proposed rules were not vague, and did not fail to establish adequate standards for agency decisions, nor did they vest unbridled discretion in the agency. The ALJ found

6

that dispensing practitioners are engaged in the practice of pharmacy, because like pharmacists, dispensing practitioners are permitted to "dispense" medicinal drugs. The ALJ concluded that "[r]egistration of a dispensing practitioner under the Pharmacy Act enables the practitioner to engage in the practice of pharmacy and requires them to 'comply with and be subject to all laws and rules applicable to pharmacists and pharmacies, including, but not limited to, [Chapter 465].'" We now review that order.

## II.

We review an ALJ's factual findings for competent, substantial evidence. *MB Doral, LLC v. Dep't of Bus. & Pro. Regul., Div. of Alcoholic Beverages & Tobacco,* 295 So. 3d 850, 853 (Fla. 1st DCA 2020). Whether an agency has exceeded its rulemaking authority or enlarged the specific provisions of the law purportedly implemented are issues of law that we review de novo. *S. Baptist Hosp. of Fla. v. Ag. for Health Care Admin.*, 270 So. 3d 488, 500 (Fla. 1st DCA 2019). We afford no deference to the agency's interpretation of statutes. Art. V, § 21, Fla. Const.

In the administrative arena, the agency bears the burden to prove by a preponderance of the evidence that the proposed rule is not an invalid exercise of delegated legislative authority. § 120.56(2)(a), Fla. Stat.; *S. Baptist Hosp. of Fla.*, 270 So. 3d at 500. And proposed rules are afforded no presumption of validity or invalidity. § 120.56(2)(c), Fla. Stat.

## A.

Appellants argue that each of the proposed rules is an invalid exercise of delegated legislative authority under section 120.52(8)(c) because it "enlarges, modifies, or contravenes the specific provisions of law implemented."* We agree that both rules

---

* We note that Appellants also argue in their initial brief that the proposed rules are invalid under section 120.58(e) because they are arbitrary and capricious. But under the parties' earlier stipulation, Appellants had agreed not to challenge the rules on this basis at DOAH, so it was never raised or presented to the

are invalid, as neither can be squared with the plain language of the "absolute choice" provision in section 440.13(3)(j).

We start in Florida's Administrative Procedure Act. Agency rulemaking begins with two key ingredients: (1) rulemaking authority, and (2) a specific law to be implemented. § 120.536(1), Fla. Stat. "Rulemaking authority" is statutory language that explicitly authorizes or requires an agency to adopt rules. § 120.52(17), Fla. Stat. While the "law implemented" is the "language of the enabling statute being carried out or interpreted by an agency through rulemaking," § 120.52(9), Fla. Stat., both components work together to ground the rulemaking process in clear authority with a specific scope. *See* § 120.52(8), Fla. Stat. ("An agency may adopt only rules that implement or interpret the specific powers and duties granted by the enabling statute. . . . Statutory language granting rulemaking authority or generally describing the powers and functions of an agency shall be construed to extend no further than implementing or interpreting the specific powers and duties conferred by the enabling statute.").

Given this, a rule may be challenged as an invalid exercise of delegated legislative authority where it "goes beyond the powers, functions, and duties delegated by the Legislature." § 120.52(8), Fla. Stat. One way an agency can violate this is by putting forth a rule that "enlarges, modifies, or contravenes the specific provisions of law implemented." § 120.52(8)(c), Fla. Stat. In assessing whether a rule exceeds the boundaries of its implementing statute, "[i]t is not enough that the . . . rule is 'reasonably related' to the Legislature's purpose or statutory provisions." *G.B. v. Ag. for Pers. with Disab.*, 143 So. 3d 454, 457 (Fla. 1st DCA 2014) (quoting § 120.536(1), Fla. Stat.). Rather, the

---

ALJ. We will not consider this newly raised and unpreserved argument for the first time on appeal. *Dep't of Bus. & Pro. Regul., Const. Indus. Lic. Bd. v. Harden*, 10 So. 3d 647, 649 (Fla. 1st DCA 2009) ("It is well-established that for an issue to be preserved for appeal, it must be raised in the administrative proceeding of the alleged error.").

rule and interpretation advanced by the agency must fully comport with the specific statute being implemented. *Id.*

In defending the proposed rules, the Department identified a host of statutory provisions as authority for its actions. For example, the Department's rulemaking authority to adopt rules to implement the provisions of Chapter 440 comes from section 440.591, Florida Statutes. The Department also cited sections 440.09, 440.13(2)(a), (3), (4), (6), (11), (12), (14), (16), 440.15(3)(b), (d), (5), 440.185(5), (9), 440.20(6), 440.525(2), and 440.593, Florida Statutes, as the enabling statutes for its proposed rules. A review of these provisions, though, reveals that only section 440.13(3)(j) speaks to the Department's ability to regulate on where an injured employee's medication can be dispensed. The remaining statutes cited are mostly unrelated substantive workers' compensation provisions. Some touch upon the Department's rulemaking authority in other contexts, and one governs carriers' pre-treatment authorization control and reimbursement rates. They in no way address where medication can be dispensed.

We also note that the Department's representative, Brittany O'Neil, stated that the Department's rule was based on its interpretation of section 440.13(3)(j). And in briefing and at oral argument, Appellees failed to direct this Court to any other statute that speaks to the Department's power to promulgate regulations on where medication for injured employees can be dispensed. Given all this, we look to section 440.13(3)(j) as the specific implementing law for the Department's proposed rules.

B.

Having identified section 440.13(3)(j) as the specific implementing law at issue, we now turn to whether the Department's proposed rules fall within the sweep of that enabling statute's language. "Either the enabling statute authorizes the rule[s] at issue or it does not." *Sw. Fla. Water Mgmt. Dist. v. Save the Manatee Club, Inc.*, 773 So. 2d 594, 599 (Fla. 1st DCA. 2000). As detailed below, the language of section 440.13(3)(j) fails to authorize either of the proposed rules.

9

To recap, section 440.13(3)(j) entitles an injured employee "to free, full, and absolute choice in the selection of the pharmacy or pharmacist dispensing and filling prescriptions for medicines required under this chapter." § 440.13(3)(j), Fla. Stat. It also expressly forbids any interference by the Department, employer, or insurance carrier in the "selection by the sick or injured employee of a pharmacy or pharmacist." *Id.* So the heart of our inquiry is whether the phrase "pharmacy or pharmacist" in section 440.13(3)(j) can be read to encompass a dispensing practitioner.

Because Chapter 440 fails to expressly define the terms pharmacy or pharmacist, we consider "all the textual and structural clues" that may shed light on their specific meaning within the "absolute choice" provision. *Conage v. United States*, 346 So. 3d 594, 598 (Fla. 2022) (quoting *Alachua Cnty. v. Watson*, 333 So. 3d 162, 169 (Fla. 2022)). This includes the plain and ordinary meaning of these common words within the statute's context. *See Ripple v. CBS Corp.*, 385 So. 3d 1021, 1027 (Fla. 2024) (citing *Barnett v. Dep't of Fin. Servs.*, 303 So. 3d 508, 513 (Fla. 2020) ("Because the Act does not define the term 'surviving spouse,' we accord the phrase its ordinary meaning while giving regard to the context in which the phrase is used.")).

Typically, the word pharmacist refers to someone licensed and trained in the practice of pharmacy. *See Pharmacist*, *Webster's Third New International Dictionary* 1694 (1986) (defining "pharmacist," in part, as "one engaged in the practice of pharmacy."); *Pharmacist*, *The American Heritage Dictionary* (3d ed. 1994) (defining "pharmacist" as "one trained in pharmacy."); *Pharmacist*, *Dorland's Illustrated Medical Dictionary* (27th ed. 1988) (defining "pharmacist" as "one who is licensed to prepare and sell or dispense drugs and compounds, and make up prescriptions.").

Beyond Florida's Workers' Compensation Law, Chapter 465 of the Florida Statutes governs and regulates pharmacists. In section 465.003, the Legislature defines "pharmacist" as "any person licensed pursuant to this chapter to practice the profession of pharmacy." § 465.003(19), Fla. Stat. And section 465.003 outlines the "[p]ractice of the profession of pharmacy" to "include

10

compounding, dispensing, and consulting concerning contents, therapeutic values, and uses of any medicinal drug" § 465.003(22), Fla. Stat. Meanwhile, section 465.0276, the "dispensing practitioner" statute, expressly differentiates between a pharmacist and a dispensing practitioner:

> A person may not dispense medicinal drugs unless licensed as a pharmacist or otherwise authorized under this chapter to do so, *except* that a practitioner authorized by law to prescribe drugs may dispense such drugs to her or his patients in the regular course of her or his practice in compliance with this section.

§ 465.0276(1)(a), Fla. Stat. (emphasis added). The statute's use of "except" provides an exception to the general prohibition that only licensed pharmacists are allowed to dispense medication. The statute's clear language establishes that dispensing practitioners are the only non-pharmacists permitted to distribute medication, thus making them distinct from licensed pharmacists.

With all of this in mind, we do not find the term "pharmacist" in section 440.13(3)(j) to include a dispensing practitioner. A "pharmacist" is someone licensed to practice pharmacy under Chapter 465. The Department contends that by registering to be a dispensing practitioner, healthcare providers obtain a "limited license" to practice pharmacy. Not so. Chapter 465 makes clear that a "license" to practice pharmacy is obtained in only two ways: (1) through examination or (2) endorsement. § 465.007, Fla. Stat.; § 465.0075, Fla. Stat. Both forms of licensing require that the candidate (1) obtain a degree from a pharmacy college or school, (2) complete a board-certified internship program, and (3) pass the Florida pharmacy exam or a comparable exam. § 465.007, Fla. Stat.; § 465.0075, Fla. Stat. Meanwhile, dispensing practitioners are not subject to the same rigorous licensing requirements. To become a dispensing practitioner, a practitioner only needs to register with their professional licensing board, pay a fee of less than $100, and follow the rules as dictated in the statute. At most, practitioners who register as dispensing practitioners have a "dispensing practitioner license" but do not possess the license, training, or credentials to be considered a licensed pharmacist.

The Department also argues that dispensing practitioners, like pharmacists, are both engaged in the practice of pharmacy. Once again, the Department is mistaken. The statutory definition of the practice of pharmacy consists of "compounding, dispensing, and consulting concerning contents, therapeutic values, and uses of any medicinal drug." § 465.003(22), Fla. Stat. A dispensing practitioner is limited to only dispensing medication. § 465.0276(1)(a), Fla. Stat. A dispensing practitioner only practices a single part of the pharmacy profession, creating another significant distinction between a dispensing practitioner and a pharmacist.

We are mindful that a separate provision of section 440.13 expressly references dispensing practitioners when addressing reimbursement rates for prescription medications under Chapter 440. Section 440.13(12)(c) provides a different reimbursement rate for medication dispensed by a "dispensing practitioner":

> As to reimbursement for a prescription medication, the reimbursement amount for a prescription shall be the average wholesale price plus $4.18 for the dispensing fee. For repackaged or relabeled prescription medications dispensed by a dispensing practitioner as provided in s. 465.0276, the fee schedule for reimbursement shall be 112.5 percent of the average wholesale price, plus $8.00 for the dispensing fee.

§ 440.13(12)(c), Fla. Stat. This provision confirms that the Legislature contemplated that dispensing practitioners could have a role in dispensing medication under Chapter 440. (For example, a carrier could choose to authorize an injured employee to receive medication from a dispensing practitioner.) But the setting of a reimbursement rate does nothing to broaden or transform the meaning of pharmacist in the "absolute choice" provision.

The language of section 440.13(12)(c) does not equate dispensing practitioners to pharmacists, nor does it speak to the authorization of pharmacists. In fact, the term pharmacist is not mentioned at all. If anything, the express mention of dispensing

12

practitioners in section 440.13(12)(c) is further evidence that the Legislature intended to omit dispensing practitioners from the absolute choice provision. *See L.K. v. Dep't of Juv. Just.*, 917 So. 2d 919, 921 (Fla. 1st DCA 2005) ("It is a general canon of statutory construction that, when the legislature includes particular language in one section of a statute but not in another section of the same statute, the omitted language is presumed to have been excluded intentionally.").

Had the Legislature wanted dispensing practitioners to be included in the "absolute choice" provision, it could have expressly included them in section 440.13(3)(j) or used a broader term like "health care provider," which would have covered physicians and pharmacists and is used in other parts of section 440.13. We decline to read so broadly language that the Legislature has written narrowly. *See Hayes v. State*, 750 So. 2d 1, 4 (Fla. 1999) ("We are not at liberty to add words to statutes that were not placed there by the Legislature."); *Fla. Dep't of Revenue v. Fla. Mun. Power Ag.*, 789 So. 2d 320, 324 (Fla. 2001) ("A court's function is to interpret statutes as they are written and give effect to each word in the statute.").

We conclude that the "absolute choice" provision in section 440.13 fails to include dispensing practitioners. Section 440.13(3)(j) provides that injured employees are entitled to choose their own pharmacy or pharmacist. Dispensing practitioners do not fit within the plain meaning of "pharmacist" nor do they engage in the "practice of the profession of pharmacy." Thus, Rules 69L-7.730(2)(1)1.b and 69L-7.740(2)(c) improperly enlarge, modify, or contravene section 440.13(3)(j) and are an invalid exercise of delegated legislative authority under section 120.52(8)(c). *See MB Doral, LLC v. Dep't of Bus. & Pro. Regul., Div. of Alcoholic Beverages & Tobacco,* 295 So. 3d 850, 855 (Fla. 1st DCA 2020) (reversing an ALJ order after finding that Agency's rule improperly enlarges, modifies, or contravenes Florida Law); *G.B.*, 143 So. 3d at 457 (reversing an ALJ order finding a rule valid where the rule expanded and contravened the law implemented).

We SET ASIDE the final order.

13

ROWE and LONG, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

William H. Rogner of HR Law, Orlando, for Appellants.

Cassidy Perdue, Katie Privett, and Douglas Ware, Department of Financial Services, Tallahassee, for Appellee Department of Financial Services.

Jeffery M. Scott, Florida Medical Association, Tallahassee; Jason D. Winn, Winn Law, Tallahassee; Virginia C. Dailey, Louise Wilhite-St. Laurent, and Lindsay K. Ervin, Panza, Maurer & Maynard, P.A., Tallahassee; for Appellees Prescription Partners, LLC, Florida Medical Association, Inc., Florida Osteopathic Medical Association, and Florida Orthopaedic Society.

Maria Elena Abate and L. Michael Billmeier, Jr., Colodny Fass, Tallahassee, for Amici Curiae American Property and Casualty Insurance Association and Florida Insurance Council.