# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1636
Lower Tribunal No. 24-FH0688
_____

**M.A.,**
Appellant,

vs.

**United Healthcare of Florida, Inc.,**
Appellee.

An Appeal from the State of Florida, Agency for Health Care Administration Office of Fair Hearings.

M.A., in proper person.

GrayRobinson, P.A., and Andy Bardos (Tallahassee) and Daniel Alter (Fort Lauderdale), for appellee.

Before EMAS, GORDO and LOBREE, JJ.

LOBREE, J.

M.A. appeals a final order entered by a hearing officer from the State

of Florida Agency for Health Care Administration ("AHCA") that denied her request for coverage for treatment of an active termite infestation under the non-medical homemaker services benefit provided by Florida's Statewide Medicaid Managed Care Long-Term Care Program (the "LTC Program"). Based on the hearing officer's proper consideration of the Coverage Policy language, we affirm.

## BACKGROUND

M.A. is an elderly Miami resident enrolled in the LTC Program. UnitedHealthcare of Florida, Inc. ("United") is contracted with Florida's state agency for Medicaid, AHCA, to provide services under the LTC Program through long term care plans. M.A. is enrolled in United's long-term care plan and authorized to receive services including "homemaker" services.

M.A. receives quarterly pest-control services through her United plan as a "homemaker" service. In the course of providing that service, the pest-control company identified a termite infestation. M.A. requested that United cover termite treatment for her home. United denied the request as the service was not a covered benefit under M.A.'s plan. M.A. appealed internally with United, which reviewed the claim again and denied the appeal.

M.A. requested a hearing before an AHCA officer, who admitted documents provided by M.A. and United as evidence. Statements were

2

provided by P.C., M.A.'s daughter and representative, and United's witness Dr. Sloan Karver. The hearing officer affirmed United's denial of coverage, finding the LTC Program covers only "routine household care," which covered M.A.'s quarterly pest-control service, but "treatment for a termite infestation is not considered routine." This appeal followed.

## ANALYSIS

"An administrative hearing officer's findings of fact may not be disturbed by a reviewing court if those findings are supported by competent, substantial evidence." Bagarotti v. Reemployment Assistance Appeals Comm'n, 208 So. 3d 1197, 1199 (Fla. 3d DCA 2017). At issue on appeal is whether treatment for an active termite infestation is covered under United's long-term care policy. The Coverage Policy defines the services provided to the LTC Program enrollees and, in relevant part, provides coverage for:

> **Homemaker Services**
> The provision of general household activities (such as meal preparation) and routine household care (including laundry and pest control) by a trained homemaker, when the individual regularly responsible for these activities is temporarily absent or unable to manage these activities.

Under the Coverage Policy, to be covered as a "homemaker service" the service must be considered "routine household care." Based on the record, M.A. receives "routine" pest-control services through the United plan

3

as her home is serviced with pest-control quarterly. While termites may be a common pest in Florida, treatment of an active termite infestation cannot reasonably be considered "routine household care." Florida statutes regulating pest control recognize a difference between routine or general pest-control and pest-control with respect to termites. See § 482.021(11), Fla. Stat. (2024) ("'General household pest control' means pest control with respect to any structure, not including fumigation or pest control with respect to termites and other wood-destroying organisms."); § 482.111(2)(a), Fla. Stat. (2024) ("The department shall issue pest control operator's certificates in several categories, including fumigation, general household pest control, lawn and ornamental pest control, and termites and other wood-destroying organisms pest control."). Accordingly, the hearing officer did not err in concluding that treatment for an active termite infestation was not covered under the "homemaker services" provided by United.

On appeal, M.A. raises multiple procedural challenges against the hearing officer and United. In order to reverse an agency's hearing officer's ruling, this court would need to find that the complained of issues show that the fairness of the proceedings, or the correctness of the action, may have been impaired by a material error in procedure or by a failure to follow prescribed procedure. See § 120.68(7)(c), Fla. Stat. (2024). Here, none of

4

M.A.'s challenges demonstrate reversible error. Many were not presented to the hearing officer and therefore cannot be considered by this court for the first time on appeal, see Dep't of Bus. & Pro. Regul., Const. Indus. Licensing Bd. v. Harden, 10 So. 3d 647, 649 (Fla. 1st DCA 2009) ("It is well-established that for an issue to be preserved for appeal, it must be raised in the administrative proceeding of the alleged error."), and others are based on opinion or are unsupported by the record. As none of the procedural challenges were sufficient to impair the fairness of the proceedings or the correctness of the hearing officer's decision to deny coverage, we respectfully affirm.

Affirmed.